# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

* * AND INCORPORATED MEMORANDUM OF LAW AND EXHIBITS

*Legal Mail*
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 12-1-22 for mailing. JCU
Initials

Jackie Benford       ,

Inmate ID Number: A-M38196       ,

*(Write your full name and inmate ID number.)*

Plaintiff

v.

Sgt. O'Brien (Extraction Team Member #1)
(1) John Doe (Extraction Team Member #2)
John Doe (Extraction Team Member #3)

John Doe (Extraction Team Member #4)
John Doe (Extraction Team Member #5)
*#7 Capt. Robbins *#8 Lt. T.D. Armstrong *#9 ATONS
*#3 Asst.Warden Brown *#4 Asst.Warden A.Ralph

*(Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)*

Defendants.       /

Case No.: 3:22CV 242 43 - MCR-ZCB
*(To be filled in by the Clerk's Office)*

### Jury Trial Requested?
☑ YES  ☐ NO

*#10 R. Quinn Warden     *#11 LL Simmons LPN
*#12 B. Sowell RN     *#13 A. Shanahan RN
*#14 L. Forrester APRN     *#15 Centurion Group, Inc.
*#16 John Rollo LPN     *#17 Sgt. John Dublin et al.

FILED USDC FLND PN
DEC 8 '22 PM1:06 NJ

*  Footnote: (1) see Memorandum of Law pg.10
   Footnote: (2)(3) pg.6(a)   Footnote: (4) pg.6(b)
   NDFL Pro Se 14 (Revised May 2022) Civil Rights Complaint Prisoner
   ClerkAdmin/Official/Forms
   Footnote: (5) pg.6(d)  Footnote: (6) pg.6(e)

1

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: __Jackie Beagler__ .    ID Number: __A-M358196__

List all other names by which you have been known: __Jackie Burlen Jr.__

__Jackie S. Beagler  Tanvannis Burlen__

Current Institution: __Blackwater River Correctional Facility__

Address: __5914 Jeff ates Road__

__Milton    FL   32583__

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: __John O'Brien__ (extraction Team member #1)

   Official Position: __sergeant__

   Employed at: __Walton Correctional Institution__

   Mailing Address: __691 Institution road__

   __Defuniak springs   FL   32433__

   ☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

2. Defendant's Name: _John Doe (extraction team member #2)_

Official Position: _sergeant_

Employed at: _Walton Correctional Institution_

Mailing Address: _691 Institution Road_

_Defuniak Springs   Fl 32433_

☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

3. Defendant's Name: _John Doe (extraction team member #3)_

Official Position: _correctional officer_

Employed at: _Walton Correctional Institution_

Mailing Address: _691 Institution Road_

_Defuniak Springs   Fl 32433_

☒ Sued in Individual Capacity          ☐ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*) Davis v. Kelly 160 F.3d 917 921 (2d. Cir. 1998)
Soto v. Brooklyn Corr. Facility 80 F.3d 34 (2th Cir. 1995)
Gerstenbluth v. Credit 56 F.3d (2d Cir. 1996)
(1) Footnote
( Plaintiff to use a Pseudonym for unknown defendants have discovered to identify them than [amend] his complaint to add their correct identity or names )....

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

B. Defendants.

4. Defendants Name: John Doe (Extraction Team Member #4)
   Official Position: Correctional Officer
   Employed at: Walton Correctional Institute
   Mailing Address: 691 Institution Road
                    Defuniak Springs  FL 32433
   (✓) Yes Sued in Individual Capacity / Official Capacity

5. Defendants Name: John Doe (Extraction Team Member #5)
   Official Position: Correctional Officer
   Employed at: Walton Correctional Institute
   Mailing Address: 691 Institution Road
                    Defuniak Springs  FL 32433
   (✓) Yes Sued Individual Capacity / Official Capacity

6. Defendants Name: Robbins (male)
   Official Position: Correctional Officer Captain
   Employed at: Walton Correctional Institute
   Mailing Address: 691 Institution Road
                    Defuniak Springs  FL 32433
   (✓) Yes Sued Individual Capacity / Official Capacity

7. Defendants Name: T. D. Armstrong #A1015 (male)
   Official Position: Lieutenant
   Employed at: Walton Correctional Institute
   Mailing Address: 691 Institution Road
                    Defuniak Springs  FL 32433
   (✓) Yes Sued in Individual Capacity / Official Capacity

8. Defendants Name: S. A. Brown (male)
   Official Position: Asst. Warden Security
   Employed at: Walton Correctional Institute
   Mailing Address: 691 Institution Road
                    Defuniak Springs  FL 32433
   (✓) Yes Sued in Individual Capacity / Official Capacity

9. Defendants Name: A. Raleh (Female)
   Official Position: Asst. Warden Programs
   Employed at: Walton Correctional Institute

Page 3 (a) of 12

mailing address : 691 INSTITUTION ROAD
    DeFuniak Springs  FL  32433
( ✓ ) yes sued in individual capacity / official

10. Defendants Name : R. Quinn
official Position : Warden
Employed at : Walton Correctional Institute
Mailing address : 691 INSTITUTION ROAD
    DeFuniak Springs FL 32433
( ✓ ) Yes sued in Individual Capacity / official

11. Defendants NAME : V. Simmons (Female)
official Position : LPN
Employed at : Walton Correctional Institute
Mailing address : 691 INSTITUTION ROAD
    DeFuniak Springs  FL 32433
( ✓ ) yes sued in Individual Capacity / official

12. Defendants NAME : B. Sowell (male)
official Position : RN
Employed at : Walton Correctional Institute
mailing address : 691 INSTITUTION ROAD
    DeFuniak Springs , FL 32433
( ✓ ) Yes sued in Individual Capacity / official

13. Defendants NAME : A. Shanahan (Female)
official Position : RN
Employed at : Walton Correctional Institute
Mailing Address : 691 INSTITUTION ROAD
    DeFuniak Springs  FL 32433
( ✓ ) Yes sued in Individual Capacity / official

14. Defendants NAME : V. Forrester (female)
official Position : ONP / ARNP
Employed at : Walton Correctional Institute
mailing address : 691 INSTITUTION ROAD
    DeFuniak Springs  FL 32433
( ✓ ) yes sued in Individual Capacity / official

15. Defendants NAME : Centurion Group, Inc.
OFFICIAL Position : HEALTH CARE Provider
EMPLOYED at : Walton Correctional Institution
MAILING address : 691 Institution Road
    DeFuniak Springs, FL 3258
( ✓ ) Yes sued in Individual Capacity / official Capacit

16. Defendants NAME : John Baito (male)
official Position : Sr Director of Fin. Dept of Corr
Employed at : Walton Correctional Institute
mailing address : 691 Institution Road
    DeFuniak Springs  32433
( ✓ ) yes sued in Individual Capacity / official Capacity

17. Defendants NAME : John Durkins
official Position : Sergeant
Employed at : Walton Correctional Institution
mailing address : 691 Institution Road
    DeFuniak Springs  FL 32433
( ✓ ) yes sued in Individual Capacity

Page 3 (b) of 12

II.                    * BASIS FOR JURISDICTION UNDER 28 U.S.C. 1331 *

18.   Sgt. O'Brien and the remaining cell extraction team members (i.e. John Does 2-5) are employees of the Florida Department of Corrections and assigned to Walton Corr. Inst. is responsible for ensuring the care custody and control of plaintiff where with reckless or callous disregard of policies procedures humane exists health and safety with threat use of unnecessary excessive force and delay of post uof medical attention was done maliciously and sadistically to cause pain and suffering and not applied in a good faith effort to maintain or restore discipline but to cause harm cruel and unusual punishment and at all dates and times mentioned herein acted under the color of state law for F.S. 768.28(9)(a) F.S. 944.35. [2)(a)1+2 In violation of the 8th Amendment and 18 U.S.C. 242 (Assault and Battery) 28 U.S.C. 1367

19.   Capt. Robbins Lt. Armshaw & sgt. Durkin Are employees of the Florida Department of Corrections and assigned to Walton Corr. Inst. is responsible for ensuring the care custody and control of plaintiff were with reckless or callous disregard of policies procedures humane exists health and safety failed to intervene in unprovoked assault and was deliberate indifferent to the serious medical needs of plaintiff with the delay or denial of post uof medical examination done to cause unnecessary and wanton infliction of pain suffering and cruel and unusual punishment and at all dates and times mentioned herein acted under the color of state law for F.S. 768.28(9)(a) F.S. 944.35.[2) and (4)(a)(b) In violation of the 8th Amendment and 18 U.S.C. 242. (Assault Battery and Negligence) 28 U.S.C.1367

20.   Warden Quinn M.Clapp A. Brown and Dr.V.Faneeska Are either employees agents or contractors of the Florida Department of Corrections who were assigned at Walton Corr. Inst. and responsible for ensuring the care custody control of plaintiff were with reckless or callous disregard of policies procedures humane exists health and safety the same policies were the moving force who's acts or edicts represent the official policies were defendants delayed denied or outright refuse to provide timely medical care or treatment or to notify medical professional to do so caused plaintiff to needless suffer pain constitutes deliberate indifference to serious medical needs and cruel and unusual punishment and at all dates and times mentioned herein acted under color of state law for F.S. 768.28(9)(a) F.S. 944.35.[2) and (4)(a)(b) In violation of the 8th Amendment and 18 U.S.C. 242. (Negligence) 28 U.S.C. 1367

21.   J.Rollo K.Simmons B.Sowell and A.Shanahan are either employees agents or contractors of the Florida Department of Corrections and Centurion Group Inc. who were assigned at Walton Correctional Institution and responsible for ensuring the care custody and control of plaintiff were with reckless or callous disregard of policies procedures humane exists health and safety the same policies were the moving force who's acts or edicts represent the official policies were defendants delayed denied or outright refused to provide timely medical care or treatment or to notify medical professional to do so caused plaintiff to needless suffer pain constitutes deliberate indifference to serious medical needs and cruel and unusual punishment and at all dates and times mentioned herein acted under the color of state law for F.S. 768.28(9)(a) F.S. 944.35 (2)(4)(a)(b) violation of the 8th Amendment and 18 U.S.C. 242. (Negligence) 28 U.S.C. 1367

22.   Centurion Group Inc. is the health care provider contracted with the Florida Department of Corrections and responsible to provide adequate health care to all inmates in the care custody or control thru it's employees agents or contractors where those policies and procedures were the moving force thereith it's employees agents or contractors who's acts or edicts represent official policies caused unnecessary and wanton infliction of pain suffering and cruel and unusual punishment with reckless or callous disregard of plaintiffs humane exists health and safety willfully deprived timely medical care treatment or failed to notify medical professional to do so for known and obvious medical condition and at all dates and times mentioned herein acted under color of state law for F.S. 768.28(9)(a) F.S. 944.35(3)(a)1+2. In violation of the 8th Amendment and 18 U.S.C. 242. (Negligence) 28 U.S.C. 1367 F.S. 944.35 (a) and (4)(a)(b)

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ☒ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee                    ☐ Civilly Committed Detainee

☒ Convicted State Prisoner             ☐ Convicted Federal Prisoner

☐ Immigration Detainee                 ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.*** You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

✱ ✱ ✱ PlAINTiFF's stAtEmENts of UNDiSPutED matERiAl FActs ✱ ✱ ✱

the complaint will count as part of your page limitation.  Therefore, do not

attach irrelevant or unnecessary exhibits. Facts not related to this same incident

or issue must be addressed in a separate civil rights complaint.

23. On Sept. 14th 2021 I was housed in Y-2105 at WAkUllA CorREctionAl InstitutioN. When at ApproximAtEly bEtWEEN 3:30 a.m. - 4:30 a.m. my cEllmAtE bEgAN hAving ExtrEmE difficulty brEAthing. AftEr sEvEral momEnts of AttEmptiNg to ordEr and to my cEllmAtE. suddENly AlOt of officErs AppEArEd At thE dorrEs YElliNg and scrEAmiNg at mE. I told caPt. mEggEtt I am Not cAusiNg nr crEAtiNg distURbANcE and will comPly with All ordERs. I WAS told to stANd at thE bacK of thE cEll to which I complied. sEE Y-doorm Wing #2 Audio / FiX Wing Ca

24. My cEllmAtE WAS told stAnd to thE bArs turn ArouNd and submit to rEstrAints. In FAct duE to thE [?] hE WAS unAblE to stAnd on his own. I camE forwArd to hElp but WAS told to bAcK AwAY. I complied. I inform thE officErs of Not hArmiNg my cEllmAtE but meAnt tRYing to AssEss and (wAter etc.) sEE Audio. until thE sErgEANt ARRiVE Which NEVER did.

25. sEvEral minutEs (5) of thE bAck and FoRth of mE plEAdiNg with stAff to CAll mEdicAl - UNSUCCESSfully. I coNviNcEd my buNniE to cuFF-UP but wE both UnSuRe onE or us WAS going to gEt cuFFEd or bAcK duE officErs hAviNg to RESPoNd to thE situAtioN. WE both submittEd to hANdcuffs bEhiNd ouR bAcKs. my buNniE ExitEd thE CEll FiRst with mE FollowiNg. ASkiNg why Not cAll mEdicAl on thE AudiO. caPt. mEggEttE NoR Lt. ARmstRANg GivE RSPN. sEE Audio

26. My cEllmAtE WAS lEAd oFF thE Wing ExhAustEd whilE I WAS plAcEd in thE ShowER cEll by Lt. ARm shEArEd thE dunE SEcUrED bY lEg locK. WhEn I complAinEd hANdcuffed As I posEd no risk/K thrEAt pER ch.33-602.220 (1)(a). I AskEd ofI InForming why Am I bEiNg plAcEd in thE showER and will thEY rEmovE thE hANdcuffs. No VERbAl RESPN WAS GiVEN bY EithER ofc oR LiEutENANt prEsENt dURiNg this ordEal in Y-doorm.

27. ApproXimAtEly 10 minutEs AftER plAcEd in thE ShowER cEll ofc. QuAckEm ArRiVEd with hANd hEld REcordiNg cAmERA. WhERE I stood in thE WiNg#2 showErS until caPt. RobbiNs REtURNEd with thE CEll ExtrActioN TEam. NotE: I WAS AlrEAdy hANdcuffEd thE ENtirE timE I WAS IN thE ShowER cEll.
✱ CRUEl AND UNUSUAL PUNiShmENT ✱ ExcEssiVE USE of ForcE ✱

28. I stAtED to caPt. RobbiNs of Not REfUsiNg ANY ordErs whilE offErriNg both hANds to him which hE intENtioNAlly IgNorEd for UNkNowN rEAsoNs. caPt. RobbiN UNlockEd thE sEcURED ShowER cEll / dooR to ENAblE forcE with FivE mAN cEll ExtrActioN TEAm. NotE: upoN InformAtioN and bEliEf sGt. O'BRiEN boAStE hEs hAvE As result of puNchiNg mE iN thE FAcE/hEAd rEpEAtEdly with closEd fist. caPt. HARdisoN told mE hE WAS plACE oN lEAvE and / or SUSPENSioN bY WARdEN QuiNN and InspEctoR GENErAl KEN suMPtER

✱ CONTINUE ON Pg 6(a) AttAchmENts ✱

I dEclArE UNDER pENAltY of pErjury thE DEclArAtioN truE AND correct to thE bEst of my pErsoNAl kNowlEdgE pER 28 U.S.C. ✸ 1746 AND F.S. 92.525. ExEcutED on this 30th dAY of NovEmbrE 2022. At MiltoN, FloRiDA

MEmorANduM of LAW ✱ stAtEmENts of FActs

**✷ ✷ PLAINTIFFS Statements of UNDISPUTED Material Facts ✷ ✷**

## Statement of Facts Continued (*Page 6(a) of 12*)

29. In Consent I was Viciously beat in the hallway of Y-Room WING #2 Shower Cell while in handcuffs Repeatedly screaming "I am not resisting." The extraction Team intentionally with malicious and sadistic intent broke my left leg, hip and dislocated my left shoulder causing severe pain.

**✷ Failure To Intervene ✷**

30. Capt. Osborn and Sgt. Durkin were present and were in position to Intervene but failed to protect me but encouraged the breaking by silently standing by.

**✷ Deliberate Indifference To Serious Medical Needs ✷**

31. Extraction Team members Capt. Osborn and Sgt. Durkin realized I was unable to walk nor stand on own so I was carried by restraining hobbled state back to assigned cell (#2113²) where I was left handcuffed with a broken hip / leg and dislocated left shoulder that was known and obvious. Yet access to medical personnel capable of treating my pain was delayed and / or denied altogether. Over 10 Days

**✷ Denial or Delay of Adequate Medical Care / Treatment ✷**

32. At approx. 9:30 a.m. Sgt. Miller and Sgt. Roe arrived at my cell door with wheelchair and escorted me to medical. Nurse Simmons and Nurse Sewell denied adequate medical attention Post Use of Force Exam For Known and obvious medical condition. Proper medical evaluation was denied. or delayed. No accurate Record of Injuries Per F.S. 944.35 and ch.33-208.002 (12)(19) F.A.C. Constituting deliberate Indifference

33. On Sept. 14 2021 at approx. 10:10 am I declared medical emergency due to being in excruciating pain in the hip leg and shoulder dislocation. Nurse Shanahan and Nurse Ratto became Argumentive by saying a Inmate dont demand the kind of treatment Given. Proper medical evaluations for known and obvious broken hip / leg and dislocated shoulder was delayed or denied

**✷ Denial or Delay of Access To Medical Personnel Capable of Treating Pain ✷**

34. On Sept. 13 2021 at approx. 7:30-8:30 a.m. Warden Quinn Asst. Warden Brown Asst. Warden Ralph Col. Wilcox and several administrations conducted weekly dorm inspection. When told to stand by these individuals I stated I am unable due to broken hip / leg. I need to see the doctor. All Present during inspection ignored medical emergency which delayed access to medical personnel capable of treating pain. Causing serious medical condition to worsen due to lack of timely care / treatment Constitute wanton Inflection of Pain.

OR. forrestre

35. On Sept. 20 2021 at approx. 8:30 a.m. Ofc. Simmons came to my cell UNANNOUNCED and stated "Boykin Your Going to medical today. I will be back after Count. Ofc. Simmons Returned with wheelchair and I was wheeled to medical building. Diagnostic Test revealed X-rays broken hip leg shoulder which required EMT services where I was taken to North Okaloosa Hospital for surgery Sept. 21 2021.

**✷ UNNECESSARY AND WANTON Inflection Of Pain ✷ EXCESSIVE DELAY of Medical Care ✷**

36. Every defendant acted with a Culpable state of mind in failing to protect Keith Boykin's serious medical need which could be viewed as a Conscious disregard of my Health and Safety evoking circumstances that the treatment Given while housed at Walton C.I. on all Pertinent dates and times was so Callous as to amount to no Care and or treatment i.e. Broken hip / left leg / dislocated shoulder causing an less and efficacious course of treatment in Violation of the 8th amendment. Dispite the fact that there existed ample objective evidence to the Contrary. See # 108-2110-033. #108-8109-0114 #2111-108-001 # 2110-108-020 #56-6-31815 Ex.B1-9

**✷ CONTINUE ON P9.6(a) Attachments ✷**

I declare Under Penalty of Perjury the Declaration here and Correct to the best of my Personal Knowledge Per 28 U.S.C.⁵ 1746 and F.S. 90.525. Executed on this 30th day of November 2022 at Milton, Florida

Memorandum of Law ✷ statement of Facts

PURSUANT to 28 U.S.C. 1746 AND F.S. 92.525
※ PLAINTIFFS statements of UNDISPUTED MATERIAL FACTS ※

IV. STATEMENT OF FACTS a                              Page 6(a) of 12

37. On Sept. 11th 2021 at approx. 4:00-4:30 a.m. while housed at Walton Corr. Inst. (Y-2113) My cellmate began having extreme difficulty breathing. After several moments of attempting to render aid to no avail. Suddenly alot of officers appeared at the door (bars) yelling and screaming at me. I told Capt. Merritt "I am not causing or creating a disturbance and will comply with all orders." Ms. Merritt told me Go stand at the back of the cell to which I complied. View Fixed Wing Cameras/Audio (Y-Dorm Wing #2)

38. My cellmate was told stand to the bars - turn around and submit to restraints. In fact due to the pain - he was unable to stand on his own. I again came forward to help but was told to back away which I complied. I informed the officers of not harming my cellmate but merely trying to render aid (water, etc.) until the seethrue/medical arrive which never did.

39. Several minutes (5) of the back and forth of me pleading with staff to call medical - Unsuccessfully I convinced my bunky to cuff up but we both knew one of us was going to be gassed or beat due to officers having to respond to the situation. We both submitted to handcuffs behind our backs. My bunky exited the cell first with me following - asking why not call medical on the radio. Capt. Merritt nor Lt. Armstrong came near.

Footnote:     a.     (2)(3) ※ EVIDENCE ESTABLISH EXCESSIVE FORCE CLAIMS ※

40 My cellmate was led off wing #2 entirely while I was placed in the shower cell/stall by Lt. Armstrong the door secured by key lock was I remained handcuffed As I posed no active threat pre Ch.33-603.310(1)(a) F.A.C. I asked an passed "what am I being placed in the shower and not back in assigned cell and will they remove the handcuffs." No verbal reply was given by either OIC or Lieutenant present during this event in Y dorm.

41. Approximately 10 minutes after being placed in the shower cell/stall. Sgt. Overman arrived with handheld recording camera was I stood in wing #2 shower cell/stall until Capt. Robbins returned with the 5 member cell extraction Team. View Fixed Wing Cameras/Audio (Y-Dorm Wing #2) near showers Note: I was already handcuffed the entire time I was in the shower cell/stall.

c. ※ CRUEL AND UNUSUAL PUNISHMENT ※ DEPRIVATION of HUMANE RIGHTS ※ ASSAULT ※

42 I immediately stated to Capt. Robbins of not refusing any orders given while officers both cuffed hands in demonstration to which he intentionally ignored for unknown reasons. Thereafter Captain Robbins unlocked the secured shower cell/stall to motivate private fears with 5 member extraction team

Legal Mail
Printed to
Blackwater River Correctional
and Rehabilitation Facility
on [illegible] for mailing.

PAGE 6 (b) OF 12

43. In Consent I was viciously and maliciously beaten without provocation and or cause in the hallway or X-room wing to shower cell/ stall while still in handcuffs repeatedly screaming "I am not resisting." The extraction Team intentionally with malicious and sadistic intent beaten my left hip leg and dislocated my left shoulder which caused severe pain. Constitutive Cruel and Unusual Punishment Note: Upon Information and belief Sgt. O'Brien beaten his hand as result of punching me in the face/head repeatedly with closed fist. Capt. Harrison told me he (Sgt. O'Brien) was placed on leave and/or suspension by Warden Quinn and Inspector General Ken Sumpter Region #1.

D.                    * FAILURE TO INTERVENE *

44. Capt. Robbins And Sgt. Durrian were present and in physical position to intervene but failed to protect me from unconstitutional beating/assault but encouraged the beating by silently standing by.

E. * DENIAL OR DELAY OF ACCESS TO MEDICAL PERSONNEL CAPABLE OF TREATING MY PAIN * *DENIAL OF PROPER SCAN*

45. Sgt. O'Brien extraction team members Capt. Robbins Sgt. Durrian *and Lt. Armstrong* Delayed I was unable to walk nor stand on my own as per ch.33-602.210 F.A.C. requires. Capt. Robbins consciously and wantonly disregarded my broken hip/leg and dislocated left shoulder wear he ordered I be carried by extremely holstered style back to assigned cell (#2112). Constituting Cruel and Unusual Punishment and willfully *acting on* delayed

F. * CRUEL and UNUSUAL Punishment * UNWRITTEN POLICIES DELAYED RIGHT OF MEDICAL Attention / CARE. *

46. I was left handcuffed with a broken left hip/leg and dislocated left shoulder that was known obvious and obvious to all present. Yet access to medical personnel capable of treating my pain was intentionally *Policy was moving force* delayed and/or denied altogether over to days constituting deliberate Indifference to serious medical needs. By willfully failure to provide Adequate Medical Care or Notify medical professionals to do so.

G.                    * Denial or DELAY of Adequate MEDICAL Treatment *

47. At approx. 9:35 a.m. Sgt. Miller and Sgt. Poe arrived at the celldoor with wheelchair applied shackles to my broken legs as I remained cuffed behind the back already and escorted me to medical. Where *Nurse Dollo* Nurse Simmons and Nurse Soniell denied adequate post use of force medical examination for known and obvious medical conditions ratio to medical upon escort. Constitutive deliberate Indifference As no accurate record of injuries for F.S. 944.35 and ch.33-208.002(12)(19) F.A.C. DC4-683J DC4-683L which was conscious disregard of right to adequate medical care and unnecessary and wanton infliction of pain

*footnote: (4)* 48. On Sept. 15 *thru 20th* 2021 at approx. 8:30 a.m. Dr. Forreste and the entire Medical Care. Inst. Administration (i.e. Warden Quinn / Asst. Warden Brown / Asst. Warden ranch / Cd. Whitaker etc.) Conducted their weekly Interaction while Dr. Forreste did medical rounds in Confinement (H-Dorm) where they refused to stop at my assigned cell where I attempted to notify all present of my injuries and pain but was deliberately ignored. I was left rotting on the cell floor in excruciating pain for to complete days ...

Page 6(C) of 12

without modeled medical follow-up non refused and the excessive delays without medical reasons caused Injuries/Condition to worsen according to Dr. Dean who reaffirmed suffered at North Okaloosa Hospital Sept. 21 2021. Constitutes deliberate Indifference to objective serious medical needs. Violated humane to adequate medical care caused unnecessary and wanton Infliction of pain which was cruel and punishment

49. On Sept. 20 2021 at Approx. 8:30 a.m. [7:30] while housed in Confinement cell (1121°) ofc. Simmons (male) found me still laying on the floor of my cell were I declared medical sick-call/emergency. Officer Simmons stop at my cell pulled his walkie-talkie and radioed Immediate medical emergency. I was placed on scenetire (Inability to walk) and rushed to medical. view A Door wing #1 fixed Camera/Audio

50. Dr. Forrester met me at the examination room and took one look at me stating "Breaker you've no doubt heading out with EMT Immediately to North Okaloosa Hospital. This is very bad breaker son but I am going to leave you tied down on the scenetire while x-rays are done - you look to be in alot of pain. Dr. Forrester and all Administration defendants Inactions can be viewed as conscious/callous disregard of my health and safety to alleviate my pain. Constitutes deliberate Indifference to known serious medical needs. In violation of the 8th Amendment. Due to Outright Denial and Delay of Medical Care

H. ⭑ Delay or Denial of Timely Medical Treatment ⭑ Unnecessary and Wanton Infliction of Pain ⭑

51. On Sept. 14 2021 at Approx. 10:10 a.m. I declared medical emergency again. I was escorted to medical by sgt. Eastwood in wheelchair due to Inability to stand/walk (broken left hip/leg) were I was met by nurse Shannahan and nurse Catto (male) who neither preformed Actual Physical examination to determine extent of Injury re F.s. 944.35 and ch. 33-602.210 F.A.C. only visual observation when there existed objective evidence of actual physical Injuries but both nurses deliberately or willfully deferred needed timely Emergency medical Care/treatment at all relevant dates and times.

I. ⭑ Unnecessary and Wanton Infliction of Pain ⭑ Excessive Delays of Medical Care ⭑

52. Every defendant mentioned including (extraction team members/medical Personnel/W.C.I. Administration) deferred timely Care/treatment and there acted with a culpable state of mind in failing to promptly respond and or document objectively serious medical needs which could only be viewed by 11th circuit Precedent as a conscious disregard of my health and safety which subject alteration were of the treatment Recorded after extraction was so cursory as to amount to no Care/treatment causing a easier and less efficacious course of treatment in violation of the 8th Amendment Despite the undeniable fact there existed severe objective evidence to the Contrary. see #108-310-353 Furthermore breaching the Care Custody and Control Act F.s. 944.35 and F.s. 768.28 (9)(a)

53. On all dates and times of interaction observation and/or contact with defendants who exhibited malicious and subjective state of mind in their care custody and control of plaintiff. Collective i.e. (Florida Department of Corrections / Centurion Group) employees consciously failed to accurately document record or record on forms DC4-683V (9-11-21/9-14-21/9-20-21) DC4-683) And DC4-7050 inaccurately states chief complaints / mechanism of injury / location of pain / pain level / objective and subjective sections / plan and education sections. Plus if actual physical examination was performed the "Guidelines requirement Immediate Clinician Notification Section" definitely should have been accurately completed. See. ch.33-208.002(6)(12)(19)   ch.33-208.005 (21)(24)(28) F.A.C. F.S. 944.35 DC4-701 / DC4-7328 / DC4-7050 / DC4-683V and DC4-683), View PX. A1-4 PX.B1-9 AND PX. C1-2 note: Records from EMT service and North Okaloosa Hospital will substantiate claims of falsification of records reports and documents by Walton Corr. Inst. Administration and medical personnel.

(5) ✱ CLAIMS FOR RELIEF ✱

54. Defendants i.e. (extraction team) use of excessive force was committed maliciously and sadistically in furtherance of bad faith to inflict pain which failed to serve any legitimate penological purpose while already handcuffed in violation of FDOC Policy ch.33-602.210 (2)(a)   ch.33-208.002(8)(w) F.A.C. and the 8th amendment to the U.S. Constitution. Also F.S. 944.35 And F.S. 768.28 (9)(a) and the Care Custody and Control Act. While acting under the color of state law. Constitutional cruel and unusual punishment. View PX. B1-9

55. Defendants Capt. Robbins Lt. Rawlinson And Sgt. Durden's failure to intervene and protect plaintiff from an unprovoked beating which failed to serve any legitimate penological purpose And are civilly liable for their nonfeasons in violation of the 8th amendment to the U.S. Constitution. While acting under the color of state law. Constitutional cruel and unusual punishment. View PX.B1-5

56. All defendants (i.e. Extraction Team / Administration / Medical personnel) were deliberately indifference to serious medical needs (broken hip / leg / dislocated shoulder) where after extraction team showered cell post UOF examination was delayed or denied altogether which prevented timely access to medical care or personnel capable of treating my pain causing wanton and unnecessary infliction of pain in violation of FDOC policy Centurion Group policy F.S. 944.35 F.S. 768.28 (9)(a) and the 8th amend. PX. A1-11 while acting under the color of state law. Constitutional Cruel and unusual punishment and failure to provide care.

57. All medical defendants (i.e. Doctor / ARPN / LPN / RN) exhibited deliberate indifference to serious medical needs were their intentional denial and delay of timely adequate treatment / care (broken hip / leg / shoulder) caused unnecessary and wanton infliction when the obvious evidence existed. Deliberate indifference can also occur where the lack of care given is so excessive as to amount to no treatment at all in violation of the 8th amendment. F.S. 944.35 F.S. 768.28(9)(a) FDOC policy and Centurion Group policy →

While acting under the Color of State Law. Constitutional Cruel and Unusual Punishment and failure to Provide Care
EX. A1-11

Page 6(e) of 12

58. Plaintiff seeks Federal Civil Rights Criminal Prosecution Pursuant to 28 U.S.C. § 3332 and Title 18 U.S.C. § 242 based on the defendants willfully deprived Plaintiff of the rights Immunities and Privileges secured and protected by the United States Constitution and Laws of the State of Florida Fss. F.S. 944.35 and F.S. 768.28 (9)(a) "" to be Free from Use of Force by Law Enforcement Officers against std. O'Brien the Remaining Extraction Team members and Wakulla Correctional Institution administration. This Can exercise Supplement Jurisdiction over these claims. Fso 28 U.S.C. § 1367

cases. { Assault Battery AND Negligence }[1] Cruel and Unusual Punishment and[2] willful failures to provide adequate Medical[3]

59. Plaintiff respectfully Pray that this Honorable Court Enter Judgement Granting Plaintiff:

60. Granting Plaintiff Compensatory Damages in the Amount of $ 1,500,000.00 dollars against the Excessive Force defendants std. O'Brien (Extraction Team members) each separately based on the willful deprivation of Rights Under Color of Law i.e. Physically assaulting Plaintiff causing Great bodily harm id. at 18

61. Granting Plaintiff Compensatory Damages in the Amount of $ 700,000.00 dollars against the failure to Intervene defendants Robbins Armstrong Durden each separately for the deprivation of Rights i.e. Free from Cruel and Unusual Punishment EXCESSIVE Force. id. at 19

62. Granting Plaintiff Compensatory Damages in the Amount of $ 1,500,000.00 dollars against all defendants (i.e. Medical Personnel- Dr. Forestka nurse Sowell nurse Shanahan nurse Rollo Confusion nurse Simmons) (i.e. Security Personnel- Extraction Team members including std. O'Brien Earl Robbins std. Durden Lt. Armstrong Warden Quinn Asst. Warden Brown Asst. Warden Ralph) For deliberate Indifference by delaying or denying timely Adequate Medical treatment/ Care each separately based on the willful failures to provide Medical Care which deprived Rights Under Color of Law   id. at 18-22

63. Granting Plaintiff Punitive Damages in the Amount of $ 1,000,000.00 dollars against each defendant mentioned in this Complaint to deter the reckless and callous disregard of Clearly Established Constitutional Rights id. at 1-62

64. A Jury Trial on all Issues Triable by Jury

Footnote:

V. EXHAUSTION OF ADMINISTRATIVE Remedies #[6]

65. Plaintiff exhausted all available Administrative Remedies including but not limited to Informal Grievance # 108-2110-033 (APPROVED) see EX. A-2 Informal Grievance #108-2109-0144 Formal Grievance # 2110-108-020/ #21-6-31815 (Appeal) Formal Grievance #2111-208-001 (APPROVED) EX B1-3
Formal Grievance #2110-108-067/ #21-6-33518 (appeal)   Formal Grievance (appeal) Memo EX A-5 #108-2109-0144

EX. C-1

## V.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

(2) Drakeoville v. Bldt 229 C.Suppl. 2d 230 (s.Dikt.NY 2002.) ( holding "when Institution Forward an inmate Grievance to the Inspector General office the Inmate has exhausted his/her administrative remedies") Footnote : (5)

## VI.     PRIOR LITIGATION

*This section requires you to identify your prior litigation history.  Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.  You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case*

*initiation if the prisoner has "on three or more prior occasions, while*

*incarcerated or detained in any facility, brought an action or appeal in a*

*court of the United States that was dismissed on the grounds that it is*

*frivolous, malicious, or fails to state a claim upon which relief may be*

*granted, unless the prisoner is under imminent danger of serious physical*

*injury." 28 U.S.C. § 1915(g).*

A.  Have you had any case in federal court, including federal appellate

court, dismissed as frivolous, as malicious, for failure to state a

claim, or prior to service?

☒ YES   ☐ NO

If "Yes," identify the case number, date of dismissal, and court for

each case:

1.  Date: 2/2021                    Case #: 3:21-CN-00239-MCD-HTC

    Court:    Northern District (Pensacola Division)

    Reason: Failure to state claim for relief

2.  Date: 2/2021                    Case #: 3:21-CN-00099-MMH-JBE

    Court: Middle District (Jacksonville)

    Reason:    Failure to exhaust Remedies

3.  Date:_____Case #:_____

    Court:_____

Reason: _____

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in ***state or federal court*** dealing

with the same facts or issue involved in this case?

☐ YES ☒ NO

If "Yes," identify the case number, parties, date filed, result (*if not still*

*pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____Parties: _____

   Court:_____Judge: _____

   Date Filed:_____Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in

***state or federal court*** either challenging your conviction or  relating to

the conditions of your confinement?

☒ YES   ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 0:14-cv-61294-WJZ-PAW Parties: Beasler v. Gil et al.

   Court: Southern District          Judge: William J. Zloch

   Date Filed: July 2013   Dismissal Date (*if not pending*): June 2019

   Reason: _____ Settlement _____

2. Case #: 3:14-cv-1010-BJD-JBT Parties: Beasler v. H. Perez C/o

   Court: Middle District          Judge: Brian J. Davis

   Date Filed: June 2017 Dismissal Date (*if not pending*): 2017

   Reason: _____ Defendant out the counton / Voluntary Dismissal _____

3. Case #: 3:14-cv-1057-BJD-JBT Parties: Beasler v W.I. Howard et al.

   Court: Middle District          Judge: Brian J. Davis

   Date Filed: 9/17   Dismissal Date (*if not pending*): Unknown

   Reason: _____ Voluntary Dismissed _____

4. Case #: 3:14-cv-1191-MMH-JBT Parties: Beasler v. Carlton et al.

   Court: Middle District          Judge: Marcia Morales Howard

   Date Filed: 10/17   Dismissal Date (*if not pending*): Oct. 2019

   Reason: _____ Settlement _____

5. Case #: 3:18-cv-1377-HLA-JRK Parties: Beasler v. W.I. Howard et al.

   Court: Middle District          Judge: Henry Lee Adams

   Date Filed: 9/2017   Dismissal Date (*if not pending*): 10/2019

   Reason: _____ Settlement _____

6. Case #: 3:21-CN-00291-MCR-HTC Parties: _Bradson  V. Young  et al._

Court: _Northern District_ Judge: _Unknown_

Date Filed: _2021_/ ~~Feb~~ Dismissal Date (*if not pending*): _Oct. 2021_

Reason: _Failed to State Claim_

✦ see Attachment Pg. 11(a) ✦

(*Attach additional pages as necessary to list all cases.*)

## VII. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

* PREVIOUS LAWSUITS *

7. CASE #: 20-CV-61276-WPD    PARTIES: BRAGER V. SECRETARY FLA. DEPT. OF CORRECTIONS

COURT: SOUTHERN DISTRICT    JUDGE: William P. Dimitrolaras

DATE FILED: JUNE 2020    DISMISSED DATE (IF NOT PENDING): UNKNOWN

REASON: VOLUNTARY DISMISSAL

* PREVIOUS LAWSUITS *

8. CASE #: 3:21-CV-00097-MMH-JBT    PARTIES: BRAGER V. GODWIN et al.

COURT: MIDDLE DISTRICT    JUDGE: MARCIA MORALES HOWARD

DATE FILED: JAN. 2021    DISMISSED DATE (IF NOT PENDING): FEB. 2022

REASON: FAILED TO EXHAUST ADMINISTRATIVE REMEDIES

* PREVIOUS LAWSUITS *

9. CASE #: 0:19-CV-60368-DPG-LMR    PARTIES: BRAGER V. ALLEYNE et al.

COURT: SOUTHERN DISTRICT    JUDGE: DARRIN P. GAYLES

DATE FILED: JULY 2019    DISMISSED DATE: NOV. 2021

REASON:    SETTLEMENT

PREVIOUS LAWSUITS

10. CASE #: 3:22-CV-1033-MMH-POB    JUDGE: MARCIA MORALES HOWARD

COURT: MIDDLE DISTRICT    PARTIES: BRAGER V. WALKER et al.

DATE FILED: SEP. 2022    DISMISSED DATE: PENDING

PAGE 11 (a) of 12

3.  I understand it is my obligation to timely notify the Clerk's Office if there

is any change to my mailing address and that my failure to do so may result

in a dismissal of the action.

Date: NOV. 30, 2022 Plaintiff's Signature: _Bealer  Jackie_

Printed Name of Plaintiff: _Jackie  Bealer  # A-M38096_

Correctional Institution: _Blackwater  Correctional  Facility_

Address: _5914  Jeff  Ates  Road_

_Milton   fl  32583_

I certify and declare, under penalty of perjury, that this complaint was

(*check one*) ☒ delivered to prison officials for mailing or ☐ deposited in

the prison's mail system for mailing on the _30th_ day of _NOV_, 20_22_.

Signature of Incarcerated Plaintiff: _Bealer   Jackie  # A-M38096_

Verification and Unsworn Oath
Sworn Declaration Under Penalty
of Perjury Pursuant to 28 USC 1746

Memorandum of Law and Supporting Cases

I declare under penalty of perjury the sworn declaration(s) are true and correct to the best of my personal
knowledge Re F.S. 90.585 and 28 U.S.C. 1746. Bowse v. Noeman 661 F.2d 1109 1116 (5th Cir. Unit A July 1981)
United States v. Stein 881 F.3d 853 859 (11th Cir. 2018) (en banc) (stating the a [verified] complaint serves as the
equivalent of an affidavit for purpose 2019 U.S. App. Lexis 11 } of summary judgment )....id.

Executed on this _8th_ day of _December_ 2022 at Milton, Florida

respectfully submitted
/c/ Bealer Jackie
Jackie Bealer # M38096 Pro se
Blackwater River Corr. Facility
5914 Jeff Ates Road
Milton, FL 32583

Provided to
Blackwater River Correctional
and Rehabilitation Facility
on ___ for mailing.

Legal Mail

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

PENSACOLA DIVISION

JACKIE. BERGER

    Plaintiff

Vs.                                          CASE NO.

Sgt. O'BRIEN et al.

    Defendants.

PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS

** PLAINTIFF'S EXHIBIT LIST IN SUPPORT OF COMPLAINT **

| Number | Description of Document | Identity of Officer | Date/Time |
|---|---|---|---|
| A-1 | Abrasion / Laceration Protocol | K. SIMMONS LPN B. SOWELL RN | 9/11/21 09:35 am |
| A-2 | Fracture / Dislocation / Sprain Protocol | K. SIMMONS LPN B. SOWELL RN | 9/11/21 09:25 am |
| A-3 | Fracture / Dislocation / Sprain Protocol | A. SHANAHAN RN Osilo LPN | 9/14/21 22:10 pm |
| A-4 | Fracture / Dislocation / Sprain Protocol | B. SOWELL RN K. FORESTER ARNN/DNP | 9/20/21 07:30 am |
| A-5 | Infirmary Outpatient Admission 23 Hrs Observation | B. SOWELL RN S. VEGA RN/DON | 9/20/21 08:20 am |
| A-6 | Chronological Record of Health Care | S. VEGA RN/DON K. FORESTER ARNN/DNP | 9/20/21 08:30 am |
| A-7 | Chronological Record of Health Care | S. VEGA RN/DON K. FORESTER ARNN/DNP | 9/20/21 15:45 pm |
| A-8 | Radiology Request Form | K. FORESTER ARNN/DNP | 9/20/21 15:53 pm |
| A-9 | Radiology Request Form | K. FORESTER ARNN/DNP | 9/30/21 01:30 pm |
| A-10 | Radiology Report | B.T. HUANG MD K. FORESTER ARNN/DNP | 9/30/21 13:44 pm |
| A-11 | Radiology Report | K. FORESTER ARNN/DNP D. NGUYEN D.O. | 9/30/21 19:01 pm |
| B-1 | Informal Grievance # 108-2109-0144 | M. INGRAM C/O | 9/14/21 |
| B-2 | Informal Grievance # 108-2109-033 | E. SEALES Class. Officer | 10/18/21 |
| B-3 | Formal Grievance # 2111-108-001 | R. QUINN Warden | 10/25/21 |
| B-4 | Witness Statement DC6-112C | Tinker C/O | 11/12/21 |
| B-5 | "Memo" Formal Grievance (Appeal) # 2110-108-0144 | K. BOX Grievance Coordinator | 1/25/22 |
| B-6 | Medical Formal Grievance # 2110-108-020 | A. CLAP RNP DR. E. HERNANDEZ-PRESZ MD Region #1 | 10/28/21 |
| B-7 | Medical Formal Grievance # 21-6-31815 (Appeal) | M. SCHMIDT HSC T. BOWDEN | 12/3/21 |

* PAGE 1 OF 10 *

| Numbers | Description of Documents | Identity of official | Date/Time |
|---|---|---|---|
| B-8 | Medical Formal Grievance #2110-204-0162 | A. Gato Cruz Dr. E. Hernandez-Feraz MD Region #1 | 11/10/21 |
| B-9 | Medical Formal Grievance (appeal) #21-6-33518 | No written response | 11/22/21 |
| C-1a-d | Sworn Declarations/Statement of Facts | J. Brailer #M36196 | |
| C-2a-b | Sworn Witness Statement Dec-112C | J. Brailer #M36196 Inspector Allen/V. McIlwaine | 10/25/22 08:30 am |

## Incorporated Memorandum of Law

### In support of Civil Complaint 1983

Finding serious medical need when "the medical records submitted by [the plaintiff] with his complaint show that he suffered from arthritis and degenerative disc disease and that he had chronic pain in his back, legs, pelvis and hip"...." (Gushaw Hill v. Dekalb Reg'l Youth Det. Ctr. 40 F.3d 1176 1187 (11th Cir. 1994) Adams v. S.W. Va. Reg'l Jail Auth. 634 F. App'x 979 900-01 (4th Cir. 2013). Plaintiffs complaint and the exhibits attached establish a serious medical need. Faulun v. West 32c F.3d 1243 ([A] serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctors attention.") The unexplained delay of hours which ultimately extended into 10 days in treating plaintiffs serious injury states a prima facie case of deliberate indifference. Estelle v. Gamble 429 U.s. at 104 {894 F.2d 1538} 97 s.ct. at 291; A prison guards intentional denial or delay of medical care is evidence of deliberate indifference.... when prison guards harass without explanation a prisoner's serious medical condition that is known or obvious to them the trier of fact may infer deliberate indifference. see Brown v. Hughes 894 f.2d 1533 (11th Cir. 1990).... Px.A1-11 Px.B1-9 Px.C1a-d C-2a-b

### ✱ Constitutional Cognizable Injury ✱

a

"Correctional officers are bound by the 8th Amendment's prohibition against cruel and unusual punishment. Deliberate indifference to a prisoners serious medical needs violates the 8th amendment because denying or delaying medical treatment to is tantamount to "unnecessary and wanton infliction of pain". Washington v. Dugdale 8160 f.2d 1018 1021 (11th Cir. 1988). With the type of injuries ie broken hip leg and dislocated shoulder described in the complaint Genuine issue of material fact concerning that the deliberately indifferent delay no matter how brief render defendants liable as if they had inflicted the pain themselves, a deliberate delay on the order of hours let alone days in providing timely care for a serious broken hip leg and dislocated shoulder is sufficient to state constitutional claim. Abrudaher v. Montgomery 733 f.2d 970 972-73 (11th Cir. 1985) (two and a half hour delay in treatment for a bleeding cut under the eye held actionable): Hudnes v. Noble 375 f.2d 496 (5th Cir. 1961) (fourteen hour delay for broken and dislocated mental vertebrae) Flexcel v. Shaffill 4166 f.2d 1072 (6th Cir. 1972) (twelve hours) (citing Hudnes v. Brown 894 f.2d at 1533 six hours). Grossly inadequate measures to treat an inmates serious medical need will not eliminate a Jailers liability for deliberate indifference. Prison officials with knowledge of a serious medical need for care

✱ Page 2 of 10 ✱

may not provide grossly inadequate care causing a prisoner to needlessly suffer the pain resulting from his or her injury. A jailer may be deliberately indifferent if the treatment provided is so cursory as to amount to no treatment at all..... Danley v. Allen 540 F.3d 1298 (11th Cir. 2008)

b      * GRATUITOUS UNNECESSARY AND UNCONSTITUTIONAL USE OF EXCESSIVE FORCE *

And force used must be reasonable lawful and of the "minimum amount necessary to which to achieve one or more of the objectives listed in Paragraph (5)(a) id".... As part of the Correctional Officer Training Program the Criminal Justice Standards and Training Commission [shall] develop a course specifically designed to explain the parameters of this subsection and to teach the proper methods and techniques in applying physical force upon an inmate. Fs.944.35 sin.33-602.210(4)(c)4. F.A.C. Plaintiff reiterates in his Incorporated Memorandum of Law in support of his complaint pursuant to 42 U.S.C. 1983 of sufficient source. Whereas i.e. broken hip bb dislocated left shoulder and constant abrasion/lacerations where while subdued in handcuffs and then being unlawfully assaulted by cell extraction team defendants and that other correctional officers are liable for failure to intervene in the unconstitutional gratuitous and excessive use of force. Ex. A1-11 and Ex. B1-9 and Ex. C1a-d

c      * CLEARLY Established Federal Law *

Under the 8th Amendment force is deemed legitimate in a custodial setting as long as it is applied in a "good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley j. Albers 475 U.S. 312 L.ed. 2d 251 S.ct. 1078 (1986)(quoting Johnson v. Glick 481 F.2d 1028 (2d Cir. 1973) also see Hudson v. McMillian 503 U.S.1 117 L.ed. 2d 156 112 S.ct. 995 (1992)..... To determine if an application of force was applied maliciously and sadistically to cause harm A variety of factors are considered including :. "the need for the application of force: the relationship between that need and the amount of forced used; the threat reasonably perceived by the responsible officials and any efforts made to temper the severity of a forceful response." Hudson at 7-8 also see Whitley 475 U.S. at 321. Harris v. Chapman 97 F.3d 499 (11th Cir. 1996). Also see Fennell v. Gilstrap 559 F.3d 1212 1217 (11th Cir. 2009)

D.      * PLAINTIFF Realleges AND INCORPORATE Statement of FACTS IV.1-65 id. *

Extraction was enforced without final verbal order given. The celldoor (shower) was open by capt. Robbins and I layed on the floor screaming "I'm not resisting" while being viciously battered and assaulted without sufficient cause nor provocation in concert by the extraction team members solely in malicious and sadistic manner to cause pain and suffering. Including punches kicks leg locks knee submissions etc. From every participant..... 1-29 id. From consideration of such factors "inferences may be drawn as to whether the use of force could possibly have been thought necessary or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willfulness that it occur." Whitley 475 U.S. at 321 (quoting Johnson 481 F.2d at 1033)..... Furthermore the excruciating lower back (degenerative disc disease) broken hip left injuries prevented ability to stand nor walk.

* PAGE 3 of 10 *

under own power for potion ch.33-602.210 F.A.C. Resulting in being carried by restraint devices back to Assigned Cell #2113 holding style without post use of force medical examination as policy and procedure requires..... Thereafter Cell door closed and secured and I threw I remained handcuffed laying bleeding on the cell floor from head trauma (Px. A-1) semi-unconscious and in extreme pain..... By 1998 federal court precedent clearly established that correctional officers may not use gratuitous force against a prisoner who has been already subdued or incapacitated. The law of excessive in the United States is that a prisoner cannot be subjected to gratuitous or disproportionate force that has no object but to inflict pain. This to be whether the prisoner is in a cell, prison yard, police car, in handcuffs on the side of the road or in some other custodial setting. The use of force must stop when the need for it to maintain or restore discipline no longer exist. Long before the defendants acted the law was clearly established that correctional officers could not use force maliciously or sadistically for the soul purpose of causing harm to be a violation of the Constitution by the supreme court decisions in Hudson and Whitley. see Johnson v. Breeden 280 F.3d 1308 2002 U.S. App. Lexis 1161 (11th Cir. 2002).... There is simply no room for a qualified immunity defense when the plaintiff allege such a violation. Skrtech v. Thornton 280 F.3d 1295 2002 U.S. App. Lexis 1260 (11th Cir. 2002)

E.                           ✶ FAILURE TO INTERVENE ✶

Moreover an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officers use of excessive force can be held personally liable for his nonfeasance. see Post v. City of Fort Lauderdale. 7 F.3d 1552 1560 (11th Cir. 1993) as amended 14 F.3d 583 (11th Cir. 1994)("A police officer has a duty to intervene when another officer uses excessive force"); Byrd v. Clark 783 F.2d 1002 1007 (11th Cir. 1986) ("If a police officer whether supervisory or not fails or refuses to intervene when a Constitutional violation such as an unprovoked beating takes place in his presence the officer is directly liable under section "1983"). Also see Fundiller v. Cooper City 777 F.2d 1436 (11th Cir. 1985). The undisputed evidence establishes that Capt. Robbins was the supervising officer on the scene had the authority and responsibility to control the actions of the extraction team members, yet did not intervene to ensure my human rights health and safety. As the highest ranking officer on the scene Capt. Robbins AND Lt. Armstrong at all times mentioned along with Sgt. Dublin ✶was available to assist if need arose and it stands to reason that these likewise readily available to intervene on my behalf but choose not to and in doing so breached their contractual duties of care custody and control act..... ("Therefore an officer who is present at such a beating and fails to intervene may be held liable though he administered no blows.") Harris v. Chancelor 537 F.3d 803 806 (5th Cir. 1976) ("A supervisor officer is liable under [section] 1983 if he refuses to intervene where his subordinates are beating an inmate in his presence"). Skritch v. Thornton 280 F.3d 1295 1300 (11th Cir. 2002) Velazquez v. City of Hialeah 484 F.3d 1340 1341-42 (11th Cir. 2007). Also see Hadley v. Gutierrez 526 F.3d 1324 1330-31 (11th Cir. 2008)

F. Plaintiff's Eighth Amendment claims are only
   ** Single episode of cruel and unusual punishment. **

There are a number of different types of claims that arise under the Eighth Amendment's cruel and unusual punishment clause. Including distinct claims for basic cruel and unusual punishment for excessive force against prisoners and for deliberate indifference to prisoners serious medical needs. Courts apply a different test to each. See e.g. Neitzel v. Lexos 400 F.3d 1257 1254 (11th Cir. 2005)(Applying the test for an Eighth Amendment deliberate indifference violation) sketch v. Thornton 260 F.3d 1275 1200-01 (11th Cir. 2002)(Applying the test for an Eighth Amendment excessive force violation) Hope v. Pelzer 240 F.3d 975 978 & n.7 (11th Cir. 2001)(Applying the test for an Eighth Amendment basic cruel and unusual punishment violation) rev'd on other grounds 536 U.S. 730 152 L.3d. 2d. 666 (2002)…. "Plaintiff is the master of the complaint. The plaintiff selects the claims that will be alleged in the complaint." United States v. Jones 125 F.3d 1418 1428 (11th Cir. 1997). At the Rule 12(b)(6) stage plaintiff is entitled to have the court consider both the excessive use of force the delay of medical (post use) examination and the deliberate indifference thereafter as a single claim of excessive force if "the allegations in the complaint" can possibly be considered as such "in the light most favorable to [him]." Wales v. Fla. Int'l Univ. 495 F.3d 1289 1295 (11th Cir. 2007)(citations omitted)

G. * O'Bryant does not bar Eighth Amendment claims *

In O'Bryant an inmate filed a First Amendment retaliation claim under 42 U.S.C. 1983 against two correctional officials who had submitted prison disciplinary reports against him. The inmate alleged that the reports were false that he had not violated any rules and that the officers filed the reports to retaliate against him for having filed grievances against them. id. The reason for the inmate was that the prison disciplinary panels had already found him guilty of the rule infractions charged in the reports that he claimed were retaliatory. id. at 1215-16. As a result his federal claim was based on a factual finding that conflicted with the disciplinary panel's decision. O'Bryant v. Finch 637 F3d 1207 (11th Cir. 2011).

Plaintiff situation does not fall within the O'Bryant rule. Unlike the plaintiff in that case plaintiff does not challenge the disciplinary panels finding that he violated a prison rule nor does the success of the Eighth Amendment claims depend on a finding that the disciplinary panels decision was wrong. As the 11th Circuit has explained in a different context "A prisoner may be punished for behavior on a prison guard and that prison guard may be held liable for using excessive force on the prisoner in subduing him; both may be true." Dixon v. Hodges 887 F.3d 1235 1238 (11th Cir. 2018)…. Reason the prison disciplinary panel decided that plaintiff disobeyed verbal orders given by lieutenant Armstrong. The prison disciplinary panel did not make any factual findings as to whether capt. Robbins directed plaintiff be cell extracted from the shower and about what the extraction team members did to plaintiff after that 101 using excessive force while handcuffed beaten he left dislocated shoulder severe abrasions / lacerations

and bad tissue and the delay of timely medical care. Unnecessary and wanton infliction of pain sufficient and cruel and unusual punishment are genuine issues of material facts that were not essential to the disciplinary panel's decision. These were not decided by it. See Sears v. Roberts 922 F.3d 1199 (11th Cir. 2019)

### ★ THE EVIDENCE ESTABLISHED PLAINTIFF'S ASSAULT AND BATTERY CLAIMS ★

In addition to the excessive force and failure to intervene claims pursuant to 42 U.S.C. § 1983 based on the defendants collective conduct in viciously and maliciously assaulting plaintiff while already subdued in handcuffs face down with punches kicks arm locks leg locks and submission techniques then after carrying plaintiff down the hallway by restraint launched plaintiff inside the cell (x2113) where his head struck the concrete floor split the chin accrues assault and battery claims against sgt. O'Brien the remaining extraction team members carl bostwick lt. armstrong and sgt. Durden based on the same unlawful conduct.... For the same reasons that these defendants are not entitled to qualified immunity under federal law these collective conduct cannot be deemed to be reasonable at this state under Florida law in light of plaintiff's presumptively true allegations. See Mackinson 2011 WL 5103238 at *1 ; City of Miami v. Sandras 2d2a 5o.2d 46 (1996).... Also see ch. 33-602.210 (1)(3) F.A.C. and ch. 33-602.210 (2)(e) F.A.C.

Plaintiff further submits that the undisputed documentary evidence in support of complaint warrants the denial of qualified immunity for sgt. O'Brien and the remaining cell extraction team members in the plaintiff's excessive force claim as set forth in section above which supports the conclusion that these collective and unlawful conduct was done "in bad faith or with malicious purpose or in a manner substantive wanton and willful disregard of plaintiff's human rights health and safety. See 768.28 (9)(a) F.S. 944.35 (3)(a) 1 *2. F.S. and 18 U.S.C. § 242.... Under Florida law illegal conduct per ch. 33-602. 210 (2)(e) F.A.C. cannot form the basis for resisting arrest or disorderly conduct. See e.g. L.A.T. v. state 650 5o.2d 214 (1995) ; Polthomme v. County of Miami-Dade No. 12-11118 511 Fed. APP'x. 966 (11th Cir. 2013)(Unpub'x 2013).... Also see ch. 33-602. 210 (2)(e) *(e) F.A.C. PX. A1-11 PX. B1-9 PX. C1-3 and C2a

### I. ★ THE FLORIDA DEPARTMENT OF CORRECTIONS AND CENTURION GROUP INC. ARE NOT ENTITLED TO RELIEF ★

Plaintiff brings a claim against the Florida Dept. of Corrections and Centurion Group Inc. for negligence based upon the negligent acts of the individual defendants (warden Quinn nurse eaton nurse Brown Dr. Forrester sowell RN Simmons LPN shanahan RN and Catlo LPN). In addition to determining whether the individual defendants are liable for claims under 42 U.S.C. § 1983 a jury is entitled to determine whether the individual defendants breached their duty of care to guarantee the safety of plaintiff while in their custody. See e.g. Williams v. City of Daytona Beach NO.6:01-CV-1579-Orl-19-KRS 2005 WL 1471393 at *4 (M.D. Fla. June 16 2005)(explained that "a special relationship and a duty of reasonable care could arise where police officers accept the responsibility for an inmate or individuals safety" and "that police officers had an obligation to proceed with reasonable care after

deciding to [detain a citizen]"..... Based upon the written policies of the Florida Dept. of Corrections and Centurion Group INC's use of force police procedures and training that any force used must be reasonably lawful and of the "minimum amount necessary to which to achieve one or more of the objectives listed in paragraph (2)(a)"....

Furthermore As part of the correctional officers training program, the Criminal Justice Standards and training Commission [shall] develop a course specifically designed to explain the procedures of this subsection and teach the proper methods and techniques in applying physical force upon an Inmate. see F.s. 944.35 (1)(b) and Ch.33-602.210 (9)(c)1. F.A.C. Defendants were Responsible for the care, health and safety of Plaintiff while he was in their lawful custody. "No employee [shall] commit a battery or Engage in cruel or Inhumane treatment of any Inmate....." pursuant ch.33-602.210 (9)(a)

If a Jury were to decide that the conduct of the Individual officers did not meet the criteria for excessive force and failure to Intervene under 42 U.S.C. 1983 or Assault and Battery under Florida law it would still be called upon to determine whether the Individual Defendants Breached their sworn duty of Care of Plaintiff for which breach of duty the Florida Dept. of Corrections and Centurion Group INC. and the Individual defendant would be liable. see Fla. stat. 768.28(9)(a). see Perez v. school ed. of Miami-Dade Caty Fla. NO. 12-23960-cv-uu--- F. supp. 3d --- 2013 WL 2053269 at *7 (S.D. Fla. 2013)(Jan. 17 2013)(stating that claims implicating Individual and/or employee liability under  768.28(9)(a) may be pleaded in the alternative)...... Px.A1-11 Px.B1-9 and Px.C1a-d C2a-b

## J.  ★ INDICTMENT FOR FEDERAL CRIMINAL CIVIL RIGHTS VIOLATIONS ★

Plaintiff seeks Federal criminal civil rights violations pursuant to 28 U.S.C. 5352 and 18 U.S.C. 242 which states; Whoever under color of any law statute ordinance regulation or custom willfully subjects any Person in any state territory commonwealth Possession or District to the deprivation of any rights Privileges or Immunities secured or protected by the Constitution or laws of the United states or to different Punishments Pains or Penalties on account of such Person being an Alien or by Reason of his color or race than are Prescribed for the Punishment of citizens [shall] be fined under this title or Imprisoned not more than one year or both; and if "bodily Injury" results from the acts committed in violation of this section or if such acts include the use or attempted use or threatened use of a dangerous weapon explosives or fire [shall] be fined under this title or Imprisoned not more than ten years or both; and if death results from acts committed in violation of this section or if such acts include kidnapping or an attempt to kid nap Aggravated sexual abuse or an attempt to commit Aggravated sexual abuse or an attempt to kill [shall] be fined under this title or Imprisoned for any term of years or for life or both or may be sentenced to death.... id. see United states v. Cassitte 12-cr-00232 (D. Conn. Nov. 14 2012)(The Defendant Police officer was convicted of Federal civil rights violations on sept. 26 2013 where Judgment was entered sentencing him to 14 months Federal Prison followed by        one year supervised Release) see Docket Entry #81. In violation of Title 18 U.S.C. § 242 see id at ¶ 12.

similar conduct committed by a police officer in e.g. Fegenstein v. Village of Skokie 13-CV-7226 (N.O. Illinois Oct. 8 2013) (alleging that the defendant police officer "gave Plaintiff a violent shove in the back using both of his hands" and used "so much force in doing this that Plaintiff was first across the cell head first into a cement bench at the far side of the cell" and that "when Plaintiff's face struck the cement bench it split open and she began to bleed profusely "and he broke several bones in Plaintiff's face")..... supported state [criminal] charges and a federal civil rights complaint. See First Amended complaint at ¶¶ 12-15. id.

K.                    ⁂ POWERS AND DUTIES ⁂

(a) It shall be the duty of each such Grand Jury impaneled within any judicial district to inquire into offenses against the criminal laws of the United States alleged to have been committed within that district. Such alleged offenses may be presented to the attention of the Grand Jury by the Court or by any attorney appearing on behalf of the United States for the presentation of evidence. Any such attorney receiving information concerning such an alleged offense from any other person [shall] if requested by such other person inform the Grand Jury of such alleged offense the identity of such other person and such attorney's action or recommendations...... id.

(b) whenever the district court determines that the volume of business of the special Grand Jury exceeds the capacity of the Grand Jury to discharge its obligations the district court may order an additional special Grand Jury for that district to be impaneled..... id.

The evidence in the record establishes beyond a preponderance of the evidence that the Defendance use of force was committed for punitive purposes for the sole purpose to cause Plaintiff harm pain and suffering. In violation of the 8th amendment with established federal and state laws per Fla.Stat. 768.28(9)(a) Fla.Stat. 944.35 (3)(b)1⁂2. PX.A1-11 PX.B1-9 PX.C1-2

## CONCLUSION

The record evidence demonstrates that disputes of material facts lie at the very core of this case were the misrepresentations of the Defendants unlawful conduct towards Plaintiff as detailed in the sworn declarations (PX.B1-C-2) medical documents (PX.A1-11) and incorporated memorandum of law in support of civil complaint statement of facts № 1-29 id. supports the inclination that summary judgement is not appropriate. Plaintiff respectfully request summary that summary judgement be denied in all respects..... also view statements of undisputed material facts footnote: (1) (remitting Plaintiff to use a pseudonym for unknown defendants have discretion to identify them then [amend] his complaint to add their correct identities or names.) see Davis v. Kahn 1160 F.3d 917 921 (3d Cir. 1998); Soto v. Brooklyn Corr. Facility 80 F.3d 34 37 (2d. Cir. 1996); Rosenbeal v. Cornish 56 F.3d 35 37 (5th Cir. 1995); Maclin v. Gward 445 F.Supp 2d. 261 266 (N.O. NY 2006)

⁂ PAGE 9 of 10 ⁂

FootNote: (2)   As this Court repeatedly explains the applicable standard for reviewing a summary judgment motion is unambiguously stated in Rule 56(c) Fed. R. Civ. Pro. The judgment sought should be rendered if the pleadings the discovery and disclosure materials on file and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitle to judgment as a matter of law. An issue of material fact is a trial element of the claim under the applicable substantive law which might affect the outcome of the case. Twiss v. Kurg 25 F.3d 1551 1554 (11th Cir. 1994) Adickes v. S.H. Kress Co. 398 U.S. 144 157 (1970). See Allen v. Tyson Foods Inc. 121 F.3d 642 646 (11th Cir. 1997) it is genuine if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. See id.

FootNote: (3)   The factual allegations plaintiff made in his pleadings i.e. Sworn Complaint AND Incorporated Memorandum of law along with plaintiff's statement of undisputed material facts should be given the same weight as an affidavit because these verified with the complaint with an unsworn written declaration made under penalty of perjury and the complaint meets Rule 56's requirements for affidavits and sworn declarations. See 28 U.S.C. § 1746; Barker v. Norman 651 F.2d 1107 1114-15 (5th Cir. Unit A July 1981) (referring to the affidavit requirements listed in Rule 56(c)(4)'s predecessor Rule 56(e)) quoting Stallworth v. Tyson 578 Fed. Appx 948 (11th Cir. 2014).

FootNote: (4)   ("credited plaintiff's version of the record evidence where no obviously contradictory video evidence is available.") see. Povmalhant-Esfahani v. Lee 625 F.3d 1313 1315 (11th Cir. 2010) (eye firearm)

FootNote: (5)   The 11th Circuit explains that "our precedent clearly establishes that Government officers may not use gratuitous force against a prisoner who has been already subdued or as in this case incapacitated" and prohibits this "the unlawful infliction of force on nonresisting prisoners". Skrtich v. Thornton 280 F3d at 1304 (11th Cir. 2002) (cited cases)

FootNotes: (6)   (holding "when Institution forwards an inmates grievance to the Inspector General office the inmate has exhausted his/her Administrative remedies".) Gadsonville v. Blot 229 F.supp. 2d 930 (S.D. NY 2002).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Memorandum of Law exhibit list and statement of undisputed material facts was provided to prison officials to be furnish via US mail to the following on this ___5th___ day of ___December___ 2022.

Clerk of Court                              Respectfully submitted
General ___ Counsel   I declare under penalty of perjury this declaration      /s/ Broklee Jackue
501 S. Calhoun St.   true and correct to the best of my personal knowledge      Jackue Broklee # 0739096
Tallahassee FL 32399   Per 28 U.S.C. 1746 and Fs.92.525                          Blackwater River Corr. Facility
                                                                                5914 Jeff Ates Road
                                                                                Milton FL 32683

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**

**PROTECTED HEALTH INFORMATION COPYING SERVICES AGREEMENT FOR**
**INMATE ACCOUNT WITHDRAWAL OR LIEN**
(Pursuant to Rule 33-601.901(2), F.A.C.)

Date: 11/19/21

You have requested a copy of your _Medical Records_. The copy
will be provided to you at a cost of $.15 per page plus any special service charges pursuant to Rule
33-601.901(2), F.A.C., for a total dollar amount of $ _1.90_. Your
inmate bank account will be billed for these charges. If you do not have sufficient funds in your
inmate bank account to pay for these charges, a lien may be placed on your inmate bank account
and stay in place until paid.

Inmate received copies of requested records                                   ☐

I have read and understand that my inmate bank account will be billed for these charges. I also
understand that if I do not have sufficient funds in my account to cover this expense, a lien may
be placed on my inmate bank account and stay in place until paid. I acknowledge that I have
received all of the requested records.

Inmate Signature _____

Inmate Name _____
DC#_____ 0-M38196 TM 03 02/14/20
Date of Birt BERGER, JACKIE S.
Institution_ B/M DOB 02/10/1985(36)

Original:    Medical Records
Canary:     Inmate

This form is not to be amended, revised, or altered
without approval of the Chief of Health
Services Administration.

DC4-542C (Issued 11/15/18)

## FLORIDA DEPARTMENT OF CORRECTIONS
### OFFICE OF HEALTH SERVICES
### ABRASION/LACERATION PROTOCOL

NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**SUBJECTIVE:** Date: 9/11/21   Time: 0925   Age: 36   ☐ Sick Call   ☒ EMID

Allergies: _NKDA_

Current Medication/s: _Advair, Tylenol, Claritin, Singulair_

Chief Complaint: _"I got cut during use of force"_

Mechanism of Injury (MOI): _Use of force_

Date and Time of Injury: _9/11/21, 0440_   Pain level: ☐0 ☐1 ☒2 ☐3 ☐4 ☐5 ☐6 ☐7 ☐8 ☐9 ☐10

Last Tetanus Toxoid: _8/25/21_

Additional comments: _____

---

**OBJECTIVE:** Temp: _97²_  Pulse: _76_  Resp: _16_  Blood Pressure: _116/78_  O2 sat: _98_%  Weight: ___

Observe for clinical signs and symptoms of shock:
- ☐ Skin pale, mottled, cold, and diaphoretic
- ☐ Tachycardia (rapid, weak pulse)
- ☐ Hypotension - - systolic less than 80 (Note: falling BP is a *late* sign of shock!)
- ☐ Restlessness, confusion, and anxiety
- ☐ Tachypnea (rapid, shallow breathing)

Location of injury (Body Diagram, Page 2): _above (L) eyebrow_

Description of injury: _Approx 1" lac._

Approximate size and depth of abrasion or laceration:
Length: _1"_   Width: _2mm_   Depth: _min_

Embedded foreign material in wound? ☒ No ☐ Yes –
Describe: _____

Bleeding at this time: ☒ None noted   ☐ Oozing / Minimal ☐ Moderate ☐ Severe ☐ Pulsing spurt

For active bleeding: **Note:** Most external bleeding can be controlled with **direct pressure and elevation** (above the level of the heart)

1. Apply <u>continuous</u> firm direct pressure (i.e., <u>nurse</u> to hold and maintain direct pressure) to bleeding site for 10 minutes.
2. After 10 minutes, if bleeding has stopped, tape or wrap pressure dressing in place.
3. If site still actively bleeding, reinforce pressure dressing and <u>hold</u> firmly in place for another continuous 10 minutes.
4. If bleeding has stopped after 10 minutes of pressure, tape or wrap pressure dressing in place.
5. If site still bleeding, continue to apply direct pressure and notify clinician.
   **Note:** If dressing becomes saturated, <u>reinforce</u> the dressing - - don't remove the original dressing.

Neurovascular checks:
- ☒ Distal pulse of affected extremity: ☐ Absent ☐ Barely palpable ☒ Easily palpable ☐ Bounding
- ☒ Capillary refill 2 seconds or less: ☐ No ☒ Yes
- ☒ Numbness or tingling in affected extremity: ☒ No ☐ Yes
- ☐ ROM of affected extremity: ☒ Full ROM ☐ Decreased ROM ☐ Unable to determine

Comment: _____

Laceration greater than 24 hours old with signs & symptoms of infection: ☒ No ☐ Yes
- ☐ Increasing redness, swelling, and/or pain at site
- ☐ Discharge: ☐ None ☐ Serosanguinous ☐ White/Cloudy ☐ Yellow ☐ Green ☐ Brown ☐ Foul-Smelling

---

**FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION**

- ☐ Signs of shock present (see above)
- ☐ Arterial bleed (bright red, usually spurts from wound)
- ☐ Bleeding not controlled with firm direct pressure (see above)
- ☐ Laceration needs possible suturing
- ☐ Abnormal neurovascular checks
- ☐ Patient is on Coumadin
- ☐ Temperature greater than 100.4° signs of infection

_PX.A-1_

COPY

0-M38196 TM 03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

_K. SIMMONS, LPN_
_WALTON CI_
SIGNATURE AND STAMP/ PRINT of person completing form

_B. Sowell, RN_
RN or CLINICIAN REVIEWER _Walton CI_

**FLORIDA DEPARTMENT OF CORRECTIONS**
**OFFICE OF HEALTH SERVICES**
**ABRASION/LACERATION PROTOCOL**
NOTE:  ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**PLAN**

☐ EMS activated for signs of shock
☐ EMS activated for uncontrollable bleeding with:
☐ Control bleeding - - as above
☐ Acetaminophen 325mg 2 tablets by mouth prn for pain
☑ Wound culture done: ☑ N/A ☐ Yes ☐ No :
Bacitracin ointment as directed to abrasion.
☐ Other: _____

☑ Wound cleaned with: _Soap / H20_
☐ Wound dressed _Dermabond (to site_
☐ Tdap 0.5cc IM or Td 0.5cc IM as prescribed by clinician
☐ Pass

* If inmate has no record or history of receiving the Tdap vaccine (vaccine released in 2005), then Tdap should be given.  If inmate has a history of receiving the Tdap vaccine, then give the Td vaccine.  At this time, Tdap is licensed for only one lifetime dose per person.

CAUTION regarding SHOS patients who have lacerations/wounds requiring dressings.  Keep wrap dressings (gauze roll, Kling, Kerlix, Coban, etc.) to the minimum length to hold skin dressing in place.  This also includes tape length.  The exception to this is an ACE compression/elastic wrap ordered by a clinician to decrease swelling and provide support to a joint.

**EDUCATION**

☐ Inmate instructed to return to Medical for dressing change or for wound recheck on: _____
☐ Inmate instructed to return to Medical for suture /staple removal on: _____
☑ Inmate instructed on wound care.
☑ Inmate instructed to watch for signs of infection: increase in redness, swelling, pain, and/or purulent discharge at wound site.
☐ Acetaminophen 325 mg 2 tablets by mouth every 4-6 hours as needed for pain.
☑ Inmate instructed to return to Medical if symptoms get worse or any new symptoms develop.

Approx 1" above L eyebrow

0-M38196 TM 03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985 (36)

K. SIMMONS, LPN
WALTON CI
SIGNATURE AND STAMP/ PRINT of person completing form

B. Sowell  RN
RN or CLINICIAN REVIEWER          Walton CI

DC4-683V (Revised 10/10/19)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

SUBJECTIVE: Date: 9/11/21   Time: 0925   Age: 36   ☐ Sick Call  ☒ EMID
Chief Complaint: During use of force officers broke my hip/leg "
Allergies: NKDA
Current Medications: Advesco, Copenox, Singular, Claritin
Date of last Tetanus Toxoid: n/a
Mechanism of injury (MOI): Post use of force
Hx of previous dislocations? ☒ No  ☐ Yes → Joint/s involved:    When?
Location of pain: (L) hip   Pain level: ☐ 0 ☐ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☐ 6 ☐ 7 ☐ 8 ☐ 9 ☐ 10

OBJECTIVE: Temp: 97.2  Pulse: 76  Resp: 10  Blood Pressure: 116/78  O2 sat: 98 % Weight:
Pulse distal to injury: ☒ Present ☐ Absent ☐ N/A (fingers/toes)   Quality: ☒ Strong ☐ Moderate ☐ Weak
Pallor: Color of skin around the injury site: ☒ Pink ☐ Pale ☐ White ☐ Ecchymotic ☐ Hematoma
   Temperature of skin around the injury site: ☒ Warm ☐ Cool ☐ Cold
   Capillary refill (blanching) test: ☒ Less than 2 seconds ☐ Greater than 2 seconds
Paresthesia: Extremity numbness? ☒ No ☐ Yes   Extremity tingling? ☒ No ☐ Yes
Paralysis: Is patient able to move affected extremity (i.e., pt. is able to bend elbow, wiggle fingers, etc.)? ☐ No ☐ Yes
Swelling: ☒ None ☐ Mild ☐ Moderate ☐ Severe
Deformity present: ☒ No ☐ Yes If yes, describe:
Skin intact: ☐ No ☐ Yes → ☐ Abrasion ☐ Laceration → Use also "Abrasion/laceration Protocol," DC4-683V/ for appropriate care.
Bleeding: ☒ N/A ☐ No ☐ Yes → Use also "Abrasion/Laceration Protocol," DC4-683V for appropriate care.
Additional comments/findings:

FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION
☐ Patient has possible fracture and/or dislocation
☐ Patient has poor color, temperature, or sensation of affected limb.
☐ Bleeding not controlled with 10 minutes of direct pressure.

PLAN
☐ Clinician notified:    Time:
☐ Orders from clinician:
☐ EMS activated as ordered.
☐ Control bleeding with direct pressure for 10 minutes to bleeding site.
☐ Splint joint above and below suspected fracture/dislocation site.
☐ Apply arm sling
☐ Elevate affected limb.
☐ Apply covered ice pack to affected area for 15 – 20 minutes.
☐ Give ibuprofen 200mg 2-3 tablets by mouth for pain OR ☐ acetaminophen 325mg 2 tablets by mouth for pain now
☐ Give T-Dap* 0.5mg IM or Td 0.5cc IM as prescribed by clinician.
☐ Apply ace wrap PRN (wrap distal to proximal, i.e., wrap up toward the heart)
☐ Provide crutches PRN
☒ Recheck affected distal pulse prior to discharge: ☒ Strong ☐ Moderate ☐ Weak
☐ Issue Pass:    ☐ Other:

If inmate has no record or history of receiving the Tdap vaccine (vaccine released in 2005), then Tdap should be given.
inmate has a history of receiving the Tdap vaccine, then give the Td vaccine. At this time, Tdap is licensed for only one
lifetime dose per person.

Continued on back....)

0-M38196 TM 03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

PX. A-2

COPY

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**EDUCATION**

[X] Inmate instructed to report any skin discoloration (i.e., increasing paleness), coolness, tingling, numbness, or increase in pain (severe) in affected extremity IMMEDIATELY.
[ ] Inmate instructed to keep extremity elevated as much as possible for the next 48 – 72 hours.
[ ] Inmate instructed to apply <u>covered</u> ice pack to injury site for 15-20 minutes 3-4 times a day for the first 48 – 72 hours.
[ ] Inmate instructed to apply warm, moist towel to injury site for 15-20 minutes 3-4 times a day for comfort after 72 hours.
[ ] Inmate instructed on the use of crutches or other assistive devices when applicable.
[ ] Inmate instructed on cast care when applicable.
[ ] Inmate instructed on the proper way to apply ace wrap.
[ ] Other: _____

K. SIMMONS, LPN
WALTON CI
_____
SIGNATURE/STAMP of person completing form
B. Sowell, RN
Walton CI
_____
RN OR CLINICIAN REVIEWER

COPY

0-M38196 TM03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

INMATE NAME: _____
DC#: _____
DATE OF BIRTH_____
INSTITUTION: _____

Page 2 of 2

DC4-683J (Revised 3/7/17)
This form is not to be amended, revised, ut approval of the Chief of Health Services Administration.

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**SUBJECTIVE:** Date: 9·14·2c   Time: 2210   Age: 36   ☐ Sick Call ☑ EMID
Chief Complaint: " my hip & shoulder are dislocated.
Allergies: NKDA
Current Medications: Xopenex PRN
Date of last Tetanus Toxoid: ?
Mechanism of injury (MOI): " Just an Altercation " inmate would proved no further.
Hx of previous dislocations? ☑ No ☐ Yes → Joint/s involved:                    When?
Location of pain: ⓛ Hip   ⓛ Shoulder   Pain level: ☐ 0 ☐ 1 ☐ 2 ☐ 3 ☐ 4 ☐ 5 ☐ 6 ☐ 7 ☐ 8 ☐ 9 ☑ 10

**OBJECTIVE:** Temp: 97°   Pulse: 79   Resp: 18   Blood Pressure: 128 / 64   O2 sat: 98%   % Weight: 147
Pulse distal to injury: ☑ Present ☐ Absent ☐ N/A (fingers/toes)   Quality: ☑ Strong ☐ Moderate ☐ Weak
Pallor: Color of skin around the injury site: ☑ Pink ☐ Pale ☐ White ☐ Ecchymotic ☐ Hematoma
        Temperature of skin around the injury site: ☑ Warm ☐ Cool ☐ Cold                ☐ amputees
        Capillary refill (blanching) test: ☑ Less than 2 seconds ☐ Greater than 2 seconds
Paresthesia: Extremity numbness? ☑ No ☐ Yes   Extremity tingling? ☑ No ☐ Yes
Paralysis: Is patient able to move affected extremity (i.e., pt. is able to bend elbow, wiggle fingers, etc.)? ☐ No ☑ Yes
Swelling: ☑ None ☐ Mild ☐ Moderate ☐ Severe
Deformity present: ☑ No ☐ Yes If yes, describe:                                    See back
Skin intact: ☐ No ☑ Yes → ☐ Abrasion ☐ Laceration → Use also "Abrasion/laceration Protocol," DC4-683V/ for
        appropriate care.
Bleeding: ☑ N/A ☐ No ☐ Yes → Use also "Abrasion/Laceration Protocol," DC4-683V for appropriate care.
Additional comments/findings: inmate was able to sit, lift left leg leg up from floor & turn foot.
inmate was able to reach forward w/(R) hand and pull up leg of shorts.

**FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION**
☐ Patient has possible fracture and/or dislocation
☐ Patient has poor color, temperature, or sensation of affected limb.   HERE
☐ Bleeding not controlled with 10 minutes of direct pressure.

**PLAN**
☐ Clinician notified:                                                  Time:
☐ Orders from clinician:
☐ EMS activated as ordered.
☐ Control bleeding with direct pressure for 10 minutes to bleeding site.
☐ Splint joint above and below suspected fracture/dislocation site.
☐ Apply arm sling
☐ Elevate affected limb.
☐ Apply covered ice pack to affected area for 15 – 20 minutes.   HERE
☐ Give ibuprofen 200mg 2-3 tablets by mouth for pain OR ☐ acetaminophen 325mg 2 tablets by mouth for pain now
☐ Give T-Dap* 0.5mg IM or Td 0.5cc IM as prescribed by clinician.
☐ Apply ace wrap PRN (wrap distal to proximal, i.e., wrap up toward the heart)
☐ Provide crutches PRN
☐ Recheck affected distal pulse prior to discharge: ☐ Strong ☐ Moderate ☐ Weak
☐ Issue Pass:                                        ☐ Other:

If inmate has no record or history of receiving the Tdap vaccine (vaccine released in 2005), then Tdap should be given.
If inmate has a history of receiving the Tdap vaccine, then give the Td vaccine. At this time, Tdap is licensed for only one
lifetime dose per person.

Continued on back....)

COPY

0-M38196 TM03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)                    PX. A-3

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**EDUCATION**
☐ Inmate instructed to report any skin discoloration (i.e., increasing paleness), coolness, tingling, numbness, or increase in pain (severe) in affected extremity IMMEDIATELY.
☐ Inmate instructed to keep extremity elevated as much as possible for the next 48-72 hours.
☐ Inmate instructed to apply <u>covered</u> ice pack to injury site for 15-20 minutes 3-4 times a day for the first 48 – 72 hours.
☐ Inmate instructed to apply warm, moist towel to injury site for 15-20 minutes 3-4 times a day for comfort after 72 hours.
☐ Inmate instructed on the use of crutches or other assistive devices when applicable.
☐ Inmate instructed on cast care when applicable.
☐ Inmate instructed on the proper way to apply ace wrap.
☑ Other: inmate instructed to seek sick call if needed

_A. Shanahan, RN_
SIGNATURE/STAMP of person completing form

RN OR CLINICIAN REVIEWER

*HERE*
*V All*

Per Security inmate was standing & walking
Just prior to declaring emergency. Pt was
able to go from sitting in w/c to standing
w/assistance then sitting on exam table and
only complained could not bear weight or lift leg
himself. no complaint when leg lifted by medical.
When asked to stand on scale for weight inmate
stood on his Ⓡ leg and lifted his left foot
off the ground bending his knee and held it
there for several seconds. while sitting in wc
inmate was able to lean forward & use Ⓛ hand to grab
hem of Boxer shorts at knee and use Ⓛ arm & hand
to pull up the leg of Boxers to show nurse his leg.

_A. Shanahan, RN_

0-M38196 TM03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**SUBJECTIVE:** Date: 9.20.21  Time: 0920  Age: 36  ☑ Sick Call  ☐ EMID
Chief Complaint: (L) hip pain /swelling
Allergies: NKDA
Current Medications: Alvesco, Singulair, Claritin
Date of last Tetanus Toxoid: Tdf-Tdt  8-25-21
Mechanism of injury (MOI): IUOF on 9.11.21
Hx of previous dislocations? ☑ No ☐ Yes → Joint/s involved: ___ When? ___
Location of pain: (L) hip  Pain level: ☐0 ☐1 ☐2 ☐3 ☐4 ☐5 ☐6 ☐7 ☑8 ☐9 ☐10

**OBJECTIVE:** Temp: 97³  Pulse: 104  Resp: 16  Blood Pressure: 112 / 75  O2 sat: 97%  Weight: ___
Pulse distal to injury: ☑ Present ☐ Absent ☐ N/A (fingers/toes)  Quality: ☑ Strong ☐ Moderate ☐ Weak
Pallor: Color of skin around the injury site: ☑ Pink ☐ Pale ☐ White ☑ Ecchymotic ☑ Hematoma
        Temperature of skin around the injury site: ☑ Warm ☐ Cool ☐ Cold
        Capillary refill (blanching) test: ☑ Less than 2 seconds ☐ Greater than 2 seconds
Paresthesia: Extremity numbness? ☑ No ☐ Yes  Extremity tingling? ☑ No ☐ Yes
Paralysis: Is patient able to move affected extremity (i.e., pt. is able to bend elbow, wiggle fingers, etc.)? ☑ No ☐ Yes
Swelling: ☐ None ☐ Mild ☐ Moderate ☑ Severe
Deformity present: ☐ No ☑ Yes If yes, describe: Hip appears out to (L)
Skin intact: ☐ No ☑ Yes → ☐ Abrasion ☐ Laceration → Use also "Abrasion/laceration Protocol," DC4-683V/for appropriate care.
Bleeding: ☑ N/A ☐ No ☐ Yes → Use also "Abrasion/Laceration Protocol," DC4-683V·for appropriate care.
Additional comments/findings: ___

**FINDINGS REQUIRING IMMEDIATE CLINICIAN NOTIFICATION**
☑ Patient has possible fracture and/or dislocation
☐ Patient has poor color, temperature, or sensation of affected limb.
☐ Bleeding not controlled with 10 minutes of direct pressure.

**PLAN**
☑ Clinician notified: Furrin  Time: 0930
☑ Orders from clinician: 23° obs  STAT xray  Toradol 60mg IM x1 STAT
☐ EMS activated as ordered.
☐ Control bleeding with direct pressure for 10 minutes to bleeding site.
☐ Splint joint above and below suspected fracture/dislocation site.
☐ Apply arm sling
☐ Elevate affected limb.
☐ Apply covered ice pack to affected area for 15 – 20 minutes.
☐ Give ibuprofen 200mg 2-3 tablets by mouth for pain OR ☐ acetaminophen 325mg 2 tablets by mouth for pain now
☐ Give T-Dap* 0.5mg IM or Td 0.5cc IM as prescribed by clinician.
☐ Apply ace wrap PRN (wrap distal to proximal, i.e., wrap up toward the heart)
☐ Provide crutches PRN
☑ Recheck affected distal pulse prior to discharge: ☑ Strong ☐ Moderate ☐ Weak
☐ Issue Pass: ___  ☐ Other: Toradol 60g IM STAT x1 low

If inmate has no record or history of receiving the Tdap vaccine (vaccine released in 2005), then Tdap should be given.
inmate has a history of receiving the Tdap vaccine, then give the Td vaccine. At this time, Tdap is licensed for only one
lifetime dose per person.

Continued on back....)

INMATE # 0-M38196 TM 03 02/14/20        DX. A-4
NAME OF BERGER, JACKIE S.
INSTITUT B/M DOB 02/10/1985(36)

DC4-683J

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
FRACTURE/DISLOCATION/SPRAIN PROTOCOL
NOTE: ALL PROTOCOLS COMPLETED BY LPNS MUST BE REVIEWED AND COSIGNED BY A RN OR CLINICIAN.

**EDUCATION**
- ☐ Inmate instructed to report any skin discoloration (i.e., increasing paleness), coolness, tingling, numbness, or increase in pain (severe) in affected extremity IMMEDIATELY.
- ☐ Inmate instructed to keep extremity elevated as much as possible for the next 48-72 hours.
- ☐ Inmate instructed to apply <u>covered</u> ice pack to injury site for 15-20 minutes 3-4 times a day for the first 48 – 72 hours.
- ☐ Inmate instructed to apply warm, moist towel to injury site for 15-20 minutes 3-4 times a day for comfort after 72 hours.
- ☐ Inmate instructed on the use of crutches or other assistive devices when applicable.
- ☐ Inmate instructed on cast care when applicable.
- ☐ Inmate instructed on the proper way to apply ace wrap.
- ☑ Other: Awaiting STAT x-ray – Give Uncol 23°

SIGNATURE/STAMP _____ B. Sowell, RN                Walton CI   9/20/21

RN OR CLINICIAN REVIEWER



0-M38196 TM 03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985 (36)

DC4-683J (Revised 3/7/17)
This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

FLORIDA DEPARTMENT OF CORRECTIONS
INFIRMARY OUTPATIENT ADMISSION
23-HOUR OBSERVATION NURSES NOTE

| Date & Time | Nursing Notes | Nurse's Signature |
|---|---|---|
| 9/20/21 | 1545 XRAY here. Transport via gurney tol. well. XRAY 2 hernea Displaced Manchester, Dr. EMS notified to Forrest APRN spoke c Dr. Hernandez | S/Vega 108 |
| 9/20/21 | 1620 EMS Transport to WDMC to be level c treat security present — S/Vega | S/Vega 108 |

Clinician _____ notified at end of 23 hours, _____ (Date and Time) and orders were received from the clinician to discharge the patient to: ☐ Dorm ☑ ER ☐ Full Acute Illness Admit status

No disposition received from the clinician. RMED _____ notified at this time per HSB 15.03.26 by _____ (nurse) at _____ (time).

Discharge Date: 9/20/21 | Discharge Time: 1620 | Disposition: ☐ Dorm ☑ ER ☐ Full Acute Illness Admit status

Discharge instructions given to patient:
1.
2. HERE
3.

Pt. D/C info entered into DC4-797B *Infirmary Log – Outpatient* by Discharge Nurse S/Vega   Sheila Vega, RN, DON   Walton-Centurion

Inr 0-M38196 TM03 02/14/20
DC BERGER, JACKIE S.
Da B/M DOB 02/10/1985 (36)
In

Dr. AG   COPY   S/Vega 9/20/21 1620

DC4-732B (Revised 12/17/19)

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

FLORIDA DEPARTMENT OF CORRECTION
INFIRMARY OUTPATIENT ADMISSION
23-HOUR OBSERVATION NURSES NOTE

**Directions:**

1. This form must be completed on all inmates placed in an Infirmary bed for observation purposes, regardless of expected length of stay.
2. The patient must have, at minimum, a patient evaluation documented in the Nurses Note section at least once every 8 hours. Additional documentation, including repeat vital signs, are to be documented in the Nurses Notes section of this form prn based on the patient's condition.
3. Per DOC Policy (HSB 15.03.26): Twenty-three (23) hours after being placed in the Infirmary, the Infirmary nurse or shift charge nurse is to notify the clinician (in person or by phone) that the 23 Hour Observation period is over and he/she needs to make a decision on the disposition of the patient. At this time, the clinician must either: 1) Discharge the pt. back to their dorm, 2) Admit the pt. to the Infirmary as an Acute Illness Admission (complete DC4-732, DC4-684, and DC4-797E or 3) Transfer the pt. to an outside hospital. If the nurse is unable to obtain an order for one of these dispositions, the RMED is to be notified at that time and apprised of the situation. See back page for documentation requirements.
4. When inmate is released from the Infirmary, complete the discharge information at the bottom of the back page and file this form in the Outpatient Record (green jacket) on the right side, with the Nursing Protocols, in chronological order.

Admission Date: 9.20.21    Admission Time: 0820

Reason patient has been placed in the Infirmary for observation: ① hip/Thigh swelling R/O Fx

Patient was initially assessed using **Nursing Protocol DC4-**685 T or **DC4-701** if no protocol available for complaint

Clinician Forrester MD/APRN notified of patient's placement in the Infirmary at 0820 (time).

The following orders were obtained from the Clinician Forrester when the patient was placed in the Infirmary:
1. Diet: Normal
2. Activity level: 3rd Rest
3. Vital signs frequency (circle one): q15m  q30m  q1h  q2h  q4h  (q8h)  q12h  q day  Other:____
4. Continue current meds? ☑Yes ☐No ☐Need to obtain pt's KOP med cards from his/her dorm
Additional orders received for the care of this patient:
5. STAT x-ray ① Hip (AP) pelvis
6.
7.

NOTE: All clinician orders must also be documented on form DC4-714B per DOC policy.

Allergies: NKDA

Pain Level on arrival to the Infirmary: 0 1 2 3 4 5 6 7 (8) 9 10   (0=no pain, 10 worst pain)

Vital signs on arrival to the Infirmary: Temp:97.5° | Pulse:104 | Resp:16 | B/P:112/78 | O2 Sat:92%

If diabetic, blood glucose upon arrival in the Infirmary: N/A

Pt. Admit info entered into DC4-797B *Infirmary Log – Outpatient* by Admission Nurse: B. Sowell, RN Walton CI

| Date & Time | Nursing Notes | Nurse's Signature |
|---|---|---|
| 9.20.21 0820 | ⑤ PT states pain 8/10. States unable to weight bear on affected hip. Denies any loss of sensation. ⑥ AxOx4, See DC4-693S, ① hip c severe swelling, pulses present to ① foot. Heavy bruising present x legs clear - PT was transported from H-D dorm to medical via stretcher ⑩ severe swelling c pain 8/10, unable to weight bear - R/O Fx c STAT x-ray ⑫ Turtled Now - 3rd Rest - 23° obs. | B. Sowell, RN Walton CI |

Back page must be completed at the end of 23 hours and signed by Discharge Nurse.

Inmate Name: Berger, Jackie
DC#: M38196
Date of Birth: 2.10.85
Institution: Walton

DC4-732B (Revised 12/17/19)

This form is not to be amended, revised, or altered without approval of the Chief of Health Services Administration.

**FLORIDA DEPARTMENT OF CORRECTIONS**
## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|
| 9.20.21 0820 | Emergent Referral : (L) Hip |

BP- 118/72, R-16, HR-104, T-97⁸, O²-97%

(S) PT SEEN FOR (L) HIP PAIN SINCE FLOOR
ON 9/11/2021. REPORTS UNABLE TO BEAR
WT OR (L) LEG SINCE 9/20/21. PAIN 10/10
(O) AA○A MOD. DISTRESS
EXT (L) LEG SHORTENED & EXTERNALLY ROTATED.
EXQUISITE TENDERNESS TO PALPATION OVER
(L) HIP. MODERATE SWELLING (L) HIP
(A) S/P (L) HIP FX
(P) (1) PER CASE DISCUSSION C RMD
      - ADMIT AS 23° OBS
      - STAT X-RAY - (L) HIP, (L) AP HIP, PELVIS TODAY
   (2) TORADOL 60mg IM NOW & ○○° PRN X 5
      DOSES
(3) OVER B UNREST RX

R. Forrester, DNP, APRN
Walton CI

Sheila Vega, RN, DON
Walton-Centurion

P. ___ 9/20/21

---

COPY

---

Inmate Name Berger, Jackie
DC# M38196     Race/Sex B/M
Date of Birth 2.10.85
Institution Walton

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E-Education

PX. A-6

**FLORIDA DEPARTMENT OF CORRECTIONS**
## Chronological Record of Health Care

Allergies: NKDA

| DATE/TIME | |
|---|---|
| 9/20/21 1545 | INC NOTE: PER WET READ OF (L) HIP XRAY, PT HAS SUBTROCHANTERIC FX c SIGNIFICANT DISPLACEMENT. PHOTO OF XRAY SENT TO RMD. PT SENT TO NCMC VIA EMS FOR EVAL AND SURGICAL TX OF (L) HIP FX. |
| | (1) LOVENOX 40MG IM SD NOW |
| | K. Forrester, DNP, APRN Walton CI SEP 20 2021 |
| | Sheila Vega, RN DON Walton-Centurion |
| 9-30-21 1325 | (L) HIP x-ray completed. M. Collins M. COLLINS, MRC WALTON CI |
| 10-7-21 1500 | (L) HIP x-ray completed. M. Collins M. COLLINS, MRC WALTON CI |

0-M38196 TM03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

S- Subjective Data
O- Objective Data
A- Assessment of S and O Data
P- Plan
E- Education

COPY

Ex. A-7

HERE

Florida Department of Corrections
Radiology Request Form

# Radiology
## STAT

PLEASE WRITE LEGIBLY

In the best interest of the patient and referring physician, this examination will not be performed if pertinent clinical information and tentative clinical diagnosis are not provided below: ☐ Diabetic

List allergies:

(L) HIP INJURY 9/11/4

☐ Ambulatory ☐ Portable ☐ Stretcher ☐ Wheelchair

Physician Name (Print) and Name Stamp:

K. Forrester, APRN

WALTON CI

Date of Request:

SEP 20 2021

| X-RAYS | | MRI SCANS | ULTRASOUNDS |
|---|---|---|---|
| ☐ Ankle R ☐ L ☐ | ☐ Shoulder R ☐ L ☐ | ☐ Cervical Spine | ☐ Abdomen complete |
| ☐ Cervical Spine | ☐ Sinuses | ☐ Head/Brain Stem | ☐ Breast |
| ☐ C. Spine, complete | ☐ Skull | ☐ Hip R ☐ L ☐ | ☐ Gallbladder |
| ☐ Chest | ☐ Sternum | ☐ Lower Ext, any Joint R ☐ L ☐ | ☐ Inguinal Area |
| ☐ Chest, PA and LAT | ☐ T. M. Joints | ☐ Lower Ext, no Joint R ☐ L ☐ | ☐ Liver |
| ☐ Chest PPD | ☐ Thoracic Spine | ☐ Lumbar Spine | ☐ Lower Ext. R ☐ L ☐ |
| ☐ Clavicle R ☐ L ☐ | ☐ Tibia & Fibula R ☐ L ☐ | ☐ Neck | ☐ Neck/Soft Tissue/Thyroid |
| ☐ Coccyx | ☐ Wrist R ☐ L ☐ | ☐ Pelvis | ☐ Paracentesis |
| ☐ Cystogram | **FLUOROSCOPY** | ☐ Thoracic Spine | ☐ Pelvis |
| ☐ Elbow R ☐ L ☐ | ☐ Arthrogram [ ] | ☐ Upper Ext, any Joint R ☐ L ☐ | ☐ Renal |
| ☐ Facial Bones | ☐ Barium Enema | ☐ Upper Ext, no Joint R ☐ L ☐ | ☐ Scrotum |
| ☐ Femur R ☐ L ☐ | ☐ Cystogram | | ☐ Thoracentesis |
| ☐ Fingers R ☐ L ☐ | ☐ Esophagram | | ☐ Upper Ext. R ☐ L ☐ |
| ☐ Foot R ☐ L ☐ | ☐ I.V. Pyelogram | | |
| ☐ Forearm R ☐ L ☐ | ☐ Lumbar Puncture | | **VASCULAR STUDY** |
| ☐ Hand R ☐ L ☐ | ☐ Myelogram [ ] | | ☐ Abdominal Aorta |
| ☐ Hip R ☐ L ☒ | ☐ Venogram R ☐ L ☐ | **NUCLEAR MEDICINE** | ☐ Abdominal Aorta with doppler |
| ☐ Humerus R ☐ L ☐ | ☐ U. G. I. Series | ☐ Bone 3 Phase - Infection | ☐ Arterial Doppler, Lower Ext R ☐ L ☐ |
| ☐ Knee R ☐ L ☐ | ☐ U. G. I. and Small Bowel | ☐ Bone (Whole Body) | ☐ Arterial Doppler, Upper Ext R ☐ L ☐ |
| **KUB** | **CAT SCANS** | ☐ Cardiac - MUGA | ☐ Carotid Duplex |
| ☐ KUB and UPT | ☐ Abdomen | ☐ Cardiac -Stress | ☐ Dialysis Graph Duplex R ☐ L ☐ |
| ☐ Lumbar Spine | ☐ Cervical Spine | ☐ Ceretec - Infection (labeled WBC) | ☐ Vein Mapping for Dialysis R ☐ L ☐ |
| ☐ L Spine, complete | ☐ Chest | ☐ Gallbladder (CCK) | ☐ Venous Duplex Lower Ext R ☐ L ☐ |
| ☐ Mandible | ☐ Facial/TMJ | ☐ Gallbladder (HIDA) | ☐ Venous Duplex Upper Ext R ☐ L ☐ |
| ☐ Nasal Bones | ☐ Head | ☐ Gallium | |
| ☐ Orbits | ☐ Lower Ext. R ☐ L ☐ | ☐ Liver/Spleen | |
| ☐ Os Calcis R ☐ L ☐ | ☐ Lumbar Spine | ☐ Pulmonary V/Q | **Exams not mentioned above:** |
| ☒ Pelvis | ☐ Orbit | ☐ Renal | |
| ☐ Ribs R ☐ L ☐ | ☐ Pelvis | ☐ Thyroid and Uptake | |
| ☐ Sacrum | ☐ Soft Tissue Neck | ☐ Thyroid - Parathyroid | |
| ☐ Scapula | ☐ Thoracic Spine | ☐ Gallbladder (CCK) | |
| ☐ Scoliosis Series | ☐ Upper Ext. R ☐ L ☐ | | |

COPY

Date Performed: 9-20-21

Time Performed: 15 53

Where Performed: _____

Technologist Name/stamp: VIEW

Is permanent camp a private institution? No ☐ Yes ☐
Clinic/hospital room number _____

0-M38196 TM 03 02/14/20
BERGER, JACKIE S.
B/M DOB 02/10/1985(36)

X (L) AP HIP
(L) HIP 9-20-21
PELVIS #355580532

L-705D (Issued 4/3/12)

P. A-8

Florida Department of Corrections
Radiology Request Form

# Radiology

### PLEASE WRITE LEGIBLY

In the best interest of the patient and referring physician, this examination will not be performed if pertinent clinical information and tentative clinical diagnosis are not provided below: ☐ Diabetic

List allergies:

*post op - ORIF ® hip*

NKDA

☐ Ambulatory ☐ Portable ☐ Stretcher ☑ Wheelchair

Physician Name (Print) and Name Stamp:

K. Forrester, APRN

WALTON CI

Date of Request:

9/30/21

| X-RAYS | | MRI SCANS | ULTRASOUNDS |
|---|---|---|---|
| ☐ Ankle R ☐ L ☐ | ☐ Shoulder R ☐ L ☐ | ☐ Cervical Spine | ☐ Abdomen complete |
| ☐ Cervical Spine | ☐ Sinuses | ☐ Head/Brain Stem | ☐ Breast |
| ☐ C. Spine, complete | ☐ Skull | ☐ Hip R ☐ L ☐ | ☐ Gallbladder |
| ☐ Chest | ☐ Sternum | ☐ Lower Ext, any joint R ☐ L ☐ | ☐ Inguinal Area |
| ☐ Chest, PA and LAT | ☐ T. M. Joints | ☐ Lower Ext, no joint R ☐ L ☐ | ☐ Liver |
| ☐ Chest PPD | ☐ Thoracic Spine | ☐ Lumbar Spine | ☐ Lower Ext. R ☐ L ☐ |
| ☐ Clavicle R ☐ L ☐ | ☐ Tibia & Fibula R ☐ L ☐ | ☐ Neck | ☐ Neck/Soft Tissue/Thyroid |
| ☐ Coccyx | ☐ Wrist R ☐ L ☐ | ☐ Pelvis | ☐ Paracentesis |
| ☐ Cystogram | **FLUOROSCOPY** | ☐ Thoracic Spine | ☐ Pelvis |
| ☐ Elbow R ☐ L ☐ | ☐ Arthrogram [ ] | ☐ Upper Ext, any joint R ☐ L ☐ | ☐ Renal |
| ☐ Facial Bones | ☐ Barium Enema | ☐ Upper Ext, no joint R ☐ L ☐ | ☐ Scrotum |
| ☐ Femur R ☐ L ☐ | ☐ Cystogram | | ☐ Thoracentesis |
| ☐ Fingers R ☐ L ☐ | ☐ Esophagram | | ☐ Upper Ext. R ☐ L ☐ |
| ☐ Foot R ☐ L ☐ | ☐ I.V. Pyelogram | | |
| ☐ Forearm R ☐ L ☐ | ☐ Lumbar Puncture | | **VASCULAR STUDY** |
| ☐ Hand R ☐ L ☐ | ☐ Myelogram [ ] | | ☐ Abdominal Aorta |
| ☑ Hip R ☐ L ☐ | ☐ Venogram R ☐ L ☐ | **NUCLEAR MEDICINE** | ☐ Abdominal Aorta with doppler |
| ☐ Humerus R ☐ L ☐ | ☐ U. G. I. Series | ☐ Bone 3 Phase - Infection | ☐ Arterial Doppler, Lower Ext R ☐ L ☐ |
| ☐ Knee R ☐ L ☐ | ☐ U. G. I. and Small Bowel | ☐ Bone (Whole Body) | ☐ Arterial Doppler, Upper Ext R ☐ L ☐ |
| ☐ KUB | **CAT SCANS** | ☐ Cardiac - MUGA | ☐ Carotid Duplex |
| ☐ KUB and UPT | ☐ Abdomen | ☐ Cardiac -Stress | ☐ Dialysis Graph Duplex R ☐ L ☐ |
| ☐ Lumbar Spine | ☐ Cervical Spine | ☐ Ceretec - Infection (labeled WBC) | ☐ Vein Mapping for Dialysis R ☐ L ☐ |
| ☐ L Spine, complete | ☐ Chest | ☐ Gallbladder (CCK) | ☐ Venous Duplex Lower Ext R ☐ L ☐ |
| ☐ Mandible | ☐ Facial/TMJ | ☐ Gallbladder (HIDA) | ☐ Venous Duplex Upper Ext R ☐ L ☐ |
| ☐ Nasal Bones | ☐ Head | ☐ Gallium | |
| ☐ Orbits | ☐ Lower Ext. R ☐ L ☐ | ☐ Liver/Spleen | **Exams not mentioned above:** |
| ☐ Os Calcis R ☐ L ☐ | ☐ Lumbar Spine | ☐ Pulmonary V/Q | |
| ☐ Pelvis | ☐ Orbit | ☐ Renal | |
| ☐ Ribs R ☐ L ☐ | ☐ Pelvis | ☐ Thyroid and Uptake | |
| ☐ Sacrum | ☐ Soft Tissue Neck | ☐ Thyroid - Parathyroid | |
| ☐ Scapula | ☐ Thoracic Spine | ☐ Gallbladder (CCK) | |
| ☐ Scoliosis Series | ☐ Upper Ext. R ☐ L ☐ | | |

Date Performed: 9-30-21

Time Performed: 125

Where Performed: ___

Technologist Name/stamp. ___

Is permanent camp a private institution? No ☐ Yes ☐
Clinic/hospital room number ___

9.30.21

IN 0-M38196 TM03 02/14/20
C BERGER, JACKIE S.
II B/M DOB 02/10/1985 (36)

9.30.21

356468866

DC4-705D (Issued 4/3/12)

*medical M2102*

Px. A-9



**Trident Care**
IMAGING℠

SOUTH EAST REGION
4400 140TH AVE
CLEARWATER, FL 33760
(800) 940-0389

**9951-WALTON CI**
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FL 324331831

| | | | |
|---|---|---|---|
| **Claim Number :** | 35580532 | **Client Order #** | . |
| **Date of Service :** | 09/20/2021 | **MRN** | M38196 |
| **Patient Name :** | **BERGER, JACKIE** | **DOB :** | 02/10/1985   **Gender**   M |
| | | **Room::** | |

**Ordering Provider:** KENA M TROUPE, ARNP - (NPI: 1043740574)
**Interpreting Physician:** BENJAMIN T HUANG, MD - (NPI: 1548289416)
**Report Date:** 9/20/2021 5:49:55 PM

## RADIOLOGY REPORT

HIP UNI W OR W/O PELVIS 2-3 V, LEFT

Results: There is a left intertrochanteric fracture with moderate displacement with a greater trochanteric fragment. The joint shows no dislocation. Pubic rami are intact.

Conclusion: Recent left intertrochanteric fracture with moderate displacement with a greater trochanteric fragment.

Electronically signed by BENJAMIN HUANG, M.D. 9/20/2021 5:49:55 PM EDT.

PELVIS 1 - 2 VIEWS

Results: Bony ossification pattern is unremarkable for both iliac wings. Bilateral sacroiliac joints are intact. Pubic rami and right hip joints are without acute fracture or dislocation. Recent left intertrochanteric fracture with moderate displacement with a greater trochanteric fragment.

Conclusion: Unremarkable pelvis. If symptoms persist, F/U is recommended. Recent left intertrochanteric fracture with moderate displacement with a greater trochanteric fragment.

Electronically signed by BENJAMIN HUANG, M.D. 9/20/2021 5:49:55 PM EDT.

K. Forrester, DNP, APRN
Walton CI
SEP 24 2021



**RECEIVED**
SEP 21 2021
WALTON CI
HEALTH SERVICES

Rx. A-10

**Statement Concerning use of Results:**
I have reviewed this diagnostic report and the results have or will be used in the treatment of the patient's medical condition.

**Ordering Provider Signature:** _____

KENA M TROUPE, ARNP - (NPI: 1043740574)

CONFIDENTIALITY NOTICE: This report (including any accompanying files or documents) is intended for the use of TridentCare or the intended recipient, and may contain information that is privileged or otherwise confidential. If you are not the intended recipient, or person responsible for delivering this report to the intend recipient, be advised that any review, dissemination, distribution, printing or copying of this report (including any accompanying files or documents) is strictly prohibited. If you received this report in error, please immediately notify the TridentCare Privacy Office toll free at 866.686.1717, and providing your name, telephone number and the date and destroy this report (including any accompanying files or documents).

*If you have questions regarding these results or would like to consult with a Rely Radiologist please call 972-468-3590*          Page 1   of 1



**TridentCare**
**IMAGING**℠

SOUTH EAST REGION
4400 140TH AVE
CLEARWATER, FL 33760
(800) 940-0389

**9951-WALTON CI**
691 INSTITUTION ROAD
DEFUNIAK SPRINGS, FL 324331831

| | | | | |
|---|---|---|---|---|
| Claim Number : | 35646886 | | | |
| Date of Service : | 09/30/2021 | **MRN** | M38196 | |
| Patient Name : | **BERGER, JACKIE** | **DOB :** | 02/10/1985 | **Gender** M |
| | | **Room::** | | |

| | |
|---|---|
| Ordering Provider: | KENA M TROUPE, ARNP - (NPI: 1043740574) |
| Interpreting Physician: | DAVID TU NGUYEN, DO - (NPI: 1356387120) |
| Report Date: | 9/30/2021 7:01:42 PM |

---

### *RADIOLOGY REPORT*

HIP UNI W OR W/O PELVIS 2-3 V, LEFT
Comparison: 9/20/2021

Results: There is a left intertrochanteric fracture without significant callus formation bridged by an ORIF with components in satisfactory position. The femoral head is in alignment within acetabular fossa.  Skin staples noted.

Conclusion: Recent ORIF.

Electronically signed by DAVID NGUYEN, D.O. 9/30/2021 7:01:42 PM EDT.

K. Forrester, DNP, APRN
Walton CI

10/1/21

**RECEIVED**
OCT 0 1 2021
WALTON CI
HEALTH SERVICES

---

***Statement Concerning use of Results:***
I have reviewed this diagnostic report and the results have or will be used in the treatment of the patient's medical condition.

**Ordering Provider Signature:** _____

KENA M TROUPE, ARNP - (NPI: 1043740574)

CONFIDENTIALITY NOTICE: This report (including any accompanying files or documents) is intended for the use of TridentCare or the intended recipient, and may contain information that is privileged or otherwise confidential.  If you are not the intended recipient, or person responsible for delivering this report to the intend recipient, be advised that any review, dissemination, distribution, printing or copying of this report (including any accompanying files or documents) is strictly prohibited. If you received this report in error, please immediately notify the TridentCare Privacy Office toll free at 866.686.1717, and providing your name, telephone number and the date and destroy this report (including any accompanying files or documents).

*If you have questions regarding these results or would like to consult with a Rely Radiologist please call 972-468-3590*          Page  1   of  1

**INMATE REQUEST**

**STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS**

Mail Number: _____
Team Number: __H 3__
Institution: __Wadkow C.I.__

**TO:**
(Check One)
☒ Warden
☐ Asst. Warden
☐ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☐ Other _____

| FROM: | Inmate Name BERGER JACKIE | DC Number M38196 | Quarters H212L | Job Assignment N/A | Date 9-14-21 |
|---|---|---|---|---|---|

**REQUEST**                               Check here if this is an informal grievance ☒

Warden Quinn: sir last week I was involved in cell extraction in Y-door 2113 and suffered alot of Injuries consisting of dislocated/broken hip or pelvis and dislocated left shoulder by the 5 man team. I was never give proper medical treatment from any medical staff nor has any of my medical request (sickcalls) been answered which is clear indication of Retaliation maybe even worse. I have told even Assistant Warden Brown/Easton Cr. And Cap. Denied McRanett McCranie Lisbon everybody and none mention want to provide medical care or medical like process. Now I have inmates since Friday with the Ofc. Aldrich Ofc. Flower Ofc. Serrant Sgt. Ovellan Sgt. Miller Sgt. Lee told to ball me for the last few days remedy: medical extraction and protective management from those mentioned.
I submitted Ofc. 1120 (witness statement) to Ofc. Johnson with the same allegations Tuesday. I declare under penalty of perjury the affidavit true and correct to the best of my personal knowledge per 28 U.S.C. 1746 and f.s. 92.605

All requests will be handled in one of the following ways: 1) Written Information or   2) Personal Interview. All informal grievances will be responded to in writing.

| Inmate (Signature): Berford Jackie | DC#: M38196 |
|---|---|

---

**DO NOT WRITE BELOW THIS LINE**

RECEIVED
SEP 17 2021

**RESPONSE**  1082109 0144   DATE RECEIVED: SEP 17 2021

McCranel

Inmate be advised your grievance has been evaluated. This use of force has been reported and has been sent to the IG's office for review. Based on this your grievance is denied.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _Denied_ . (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.;

| Official (Print Name): COM Ingram | Official (Signature): COM Ingram | Date: 9-24-21 |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

PX. B1

Incorporated by Reference in Rule 33-103.005, F.A.C.

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

108 2110 033

Mail Number: _____
Team Number: ~~X~~ 3
Institution: Walton C.I.

**TO:** (Check One)
☐ Warden
☐ Asst. Warden
☑ Classification
☐ Security
☐ Medical
☐ Mental Health
☐ Dental
☑ Other Inspector General Office

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Deal6er Jackie | M38916 | M2102 | Infirmard | 10-18-21 |

## REQUEST

Check here if this is an informal grievance ☑

This informal Grievance is authorized by ch.33-103.013(10) And ch.33-208.002(8)(14) F.A.C. CONCERNING the cell extraction while housed IN Y-Dorm (2113ᴸ), ON Sept. 11 2021 I was Placed in handcuffs and escorted to Wing #2 shower without Incident. see Fixed Wing #2 Cameras/Audio. I was Placed into the shower were the door was closed and secured by Lt. Armstrong And Capt. Robbins. I was Intentionally left handcuffed in the shower by the shift OIC to Affect PLANNED beating As I Posed No Active threat while in controlled Conditions i.e. shower cell Per ch.33-602.210 F.A.C. I was extracted by several officers in riot Gear while still in handcuffs who deliberately broke my left hip/leg dislocated left shoulder and burst my face open. see Medical Records. I was lift and Carried holstered style by Restraints back to the same cell (2113ᴸ) due to inability to walk which I was left handcuffed and denied Medical treatment for several days. see H-Dorm Wing #2 Cameras/Audio. Mrs. Seago advised me to send Her the Grievance to which she will "Personally forward to Inspector General Office for Appropriate action." Remedy requested: Thorough Investigation And disciplinary Action Per ch.33-208.003 / F.S. 944.35 I declare under Penalty of Perjury this statement true and Correct to the best of my Personal Knowledge Per 28 U.S.C. 1746 And F.S. 92.526
HANDWRITTEN COPY

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

Inmate (Signature): Deal6er Jackie          DC#: M38916

**RECEIVED**

**OCT 20 2021**

Classification Department
Walton Correctional Institution

DO NOT WRITE BELOW THIS LINE

DATE RECEIVED: _____

## RESPONSE

Log# 108-2110-033/ The issue, of your complaint has been referred To the office of the Inspector general for appropriate action. upon Completion of necessary action, Information will be provided to appropriate administrators for final determination and handing as action has been initiated, you may consider your request for administrative remedy approved from That standpoint

---

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Print Name): _____   |   Official (Signature): E Seago   |   Date: 10.21.21

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file
This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 15 days, following receipt by staff.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective 11/18)

PX. B-2

Incorporated by Reference in Rule 33-103.005, F.A.C.

**PART B - RESPONSE**

| BERGER, JACKIE | M38196 | 2111-108-001 | WALTON C.I. | H1122S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

THE ISSUE OF YOUR COMPLAINT HAS BEEN REFERRED TO THE INSPECTOR GENERAL'S OFFICE FOR FURTHER REVIEW & APPROPRIATE ACTION.  UPON COMPLETION OF NECESSARY ACTION, INFORMATION WILL BE PROVIDED TO APPROPRIATE ADMINISTRATORS FOR FINAL DETERMINATION AND HANDLING.

CONSIDER YOUR GRIEVANCE APPROVED IN THAT REGARD.

R. QUINN, WARDEN

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 11-16-21 DATE |

PX. 83

**~~FL~~ORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
OCT 29 2021
ASST. WARDEN PROGRAMS
WALTON C.I.

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Gonzalez | Jackie | S. | M38196 | Walton Correctional Institution |
|----------|--------|-----|--------|--------------------------------|
| Last | First | Middle Initial | DC Number | Institution |

2111 108 00

**Part A – Inmate Grievance**

This Grievance is authorized by ch.33-103.015(b) This Grievance is authorized by ch.33-103.013(2)(a)(2)(b)(2)(c) on Oct. 17 2021 while assigned to the Infirmary (M2162) Asst-Warden Brown approached me at approximately 10:45am/11:45a.m. to which he began making sexual threatening statements towards me. The statements that continue to harass and exploit without moment and I have nightmares about are as follow:

Decide who you think authorized the use of force the (cell extraction) or you think inmate have the con? I do and that was force for my old buddy Palone. So my advice to you is you may want to stand down with those grievances you been filing Lately, note: Civil Lawsuit still pendents against Assistant Director Palone Case # 21-CV-00007-MMH-JRK (M.D. Fla. Jacksonville).

Decide just cause your in this Infirmary cell all broken up doesnt mean your safe. I authorize the cell extractions and if I wish could have on the Lorch Out (sunday) the date will come get you out this cell. Do you hear me so be real mindful of your possibility because it aint gone be respected.

Decide them have no Lawyers you be calling ask for this and that information. Care that dont put no fire in me or my staff because the information (names of officers on cell extraction team) will never see the light of day. Im have leave you with this, though the day you decide to sue me or anybody at Walton under my command to the day you will die at Walton. Tell your Mother what you face at Walton. note, I'm convicted the (medical formula) in front of my cell (M2162) by Brown and Ashmore

I attended Attorney Conferences Oct. 18 2021 with attorney Eric Banner (Chris Mather) who advised me to submit this grievance he light of the death threats Cruel and unusual punishment assault assistations and malicious use of force (9-11-21 cell extraction). He stated to me Jackie if you address no redress to this grievance than we can accuse the Grievance Procedures at Walton Correctional Institution becomes unavailable wheel decide what assistations on Grievances materials may harmed; it operates as a simple dead end- with administrations considerably unwilling to provide (any) relief to Aggrieved Inmates. Second the administ active scheme might be so opaque that it becomes practicably capable, incapable of use. Finally a remedy may be unavailable when prison administrators thwart inmates from advantage of a Grievance Process through machination misrepresentations or intimidation. although I fear for my life and safety by submitting this Grievance for I against the consistent advice of my attorney Mr. Eric Banner who has stated decide our Infirmary Brown Administration is transmitting me about the assault documents Warden Brown refuse to speak with our office and now these (asst-warden Brown) (Smith) harbor. I declare under Penalty of Perjury the Statement true and correct to the best of my personal knowledge. Per 28 U.S.C. 1746/F.S. 92.525

| Oct. 29 2021 | Jackie ⚥ M38196 |
|--------------|------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

HandWritten Copy

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Log Assign (0.2a)

| 0 , 0 0 0 |
|-----------|
| # | Signature |

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

**Receipt for Appeals Being Forwarded to Central Office**

Submitted by the inmate on: _____ Institutional Mailing Log #: _____

(Date)

_____
(Received By)

DISTRIBUTION:  INSTITUTION/FACILITY   CENTRAL OFFICE
INMATE (2 Copies)   INMATE
INMATE'S FILE   INMATE'S FILE - INSTITUTION/FACILITY
INSTITUTIONAL GRIEVANCE FILE   CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

PX.B-3

DC1-303 (Effective 11/13)   Incorporated by Reference in Rule 33-103.006, F.A.C.

H11225

**State of Florida**

**Witness Statement**

Log #_____

**Department of Corrections**

**I.   Identifying Inmate Information**

DC # M38196          Inmate Name Berger, Jackie

Violation Code and Short Title. DMI

Use of Force # _____

Date Report Written _____

**II.   Witness**

☐   Staff Member:  Name and Position _____

☐   Other Individual:  Name _____

☐   Inmate:    DC #_____        Name _____

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____          Date _____

Signature of Investigating Officer _____          Date _____

**IV.   Statement**

This statement is made <sup>against</sup> the advice of my Attorneys Ben Harris / Chris Ezell as I have been the victim of Repeat Violence Retaliation Corporal punishment and Assaults since my Arrival. On 5/25/21 Major Shult blatantly attempted to have me Assaulted with the cosrion of Inmate Justin Gander while I was Already in handcuffs. This was again example of my life being in danger by staff. on 9/14/21 Capt. Robbins / Lt. Armstrong had me Assaulted by officers while in handcuffs to which I was intentionally injured by staff (broken leg/hip and dislocated shoulder). My Attorneys have tried to gain info About both incidents but Administration is not forthcoming nor have my health and safety as priority. I Am in fear I will be Severally harmed And or killed by staff and Inmates at Walton Correctional Institution. All my Grievances are not being sent back with Answer and the Assaults have been Falsified per 944.35 f.s. and ch.33-208.003 (20)(21)(28) F.A.C. And ch.33-208.002 (19) f.a.c. I am going to die in
I declare under penalty of perjury the Affidavit Is true and correct to the best of my personal knowledge per 28 U.S.C 1746 f.s. 92.525

Witness Signature BERGER JACKIE          Date 11/12/21

Signature of Investigating Officer _____          Date 11/12/2021

DC6-112C (Revised 8/06)                    Original:  Inmate File            Copy:  Central Office

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

RECEPTION AND MEDICAL CENTER

MEMO TO: BERGER, JACKIE DC#M38196

FROM:      K. BOX, GRIEVANCE COORDINATOR

DATE:       JANUARY 25, 2022

SUBJECT:   FORMAL GRIEVANCE

Your grievance has been reviewed and evaluated. The issue of your complaint has been referred to the Office of the Inspector General for appropriate action. Upon completion of the necessary action, information will be provided to appropriate administrators for final determination and handling. This may or may not result in a personal interview with you. As action has been initiated, you may consider your appeal approved from that standpoint. This does not constitute substantiation of your allegations.

K. Box

Investigator Allen
Ruffo
10-5-22   8:45 am

PX. B-5

## PART B - RESPONSE

| BERGER, JACKIE | M38196 | 2110-108-020 | WALTON C.I. | M2102S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

CHART REVIEW INDICATES YOU ARE BEING HOUSED IN THE INFIRMARY SINGLE CELL AND MONITORED REGULARLY BY MEDICAL AND SECURITY STAFF.  IT IS THE RESPONSIBILITY OF YOUR HEALTH CARE STAFF TO DETERMINE THE APPROPRIATE TREATMENT REGIMEN FOR THE CONDITION YOU ARE EXPERIENCING. YOU ARE ENCOURAGED TO COOPERATE WITH YOUR HEALTH CARE STAFF BY FOLLOWING THE TREATMENT REGIMEN PRESCRIBED.  THERE IS NO INDICATION THAT YOU HAVE BEEN DENIED ACCESS TO MEDICAL OR MEDICAL CARE.  YOU MAY NOT AGREE WITH THE TREATMENT REGIMEN AND HAVE THE RIGHT TO REFUSE TREATMENT AT ANY TIME, BUT THAT DOES NOT MEAN THAT YOU ARE NOT BEING PROVIDED ADEQUATE CARE.

GRIEVANCE DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL  32399-2500.

CONFIDENTIAL HEALTH RECORDS/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Dr. E. Hernandez-Perez
Regional Medical Director  Region 1
Centurion

SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING

A. RALPH, AWP
SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE

10 - 22 - 21
DATE

PX.B-b

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

OCT 0 8 2021

ASST. WARDEN PROGRAMS
WALTON C.I.

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

Braxton     Jackie   S.                    M58196              Walton Correctional Institution
_____        _____        _____
Last       First       Middle Initial           DC Number              Institution
                                                              2110   108 020

Part A – Inmate Grievance

EMERGANCY MEDICAL GRIEVANCE                                    EMERGANCY MEDICAL GRIEVANCE

This formal Grievance is authorized by ch.33-103.006 F.A.C. CONCERNING "Deliberate Indifference to serious medical needs Inadequate Medical Care of Chronic severe PAIN." In violation of the 8th amendment. Centurion and Ostained Medical Director Dr. Hernandez-Perez are liable based on the policy or custom of the health provider Centurion which Dr. Hernandez-Perez an employee who acts or edicts represent said official policy that has violated my 8th amendment rights.

One Sept. 11 2021 I suffered a broken left hip/leg and dislocation of left shoulder to which nurses and doctor at Walton Corr. Inst. intentionally denied care and/or treatment for ten (10) days while confined to the cell. Finally after repeated pleas for medical care through sickcalls which were deliberately thrown away and medical emergencies which were deliberately denied by nurses and officer and administration. On Sept. 20, 2021 I was transported to medical on stretcher due to inability to walk i.e. broken hip. Where after diagnostic testi.e. X-ray revealed the aforementioned hip leg and shoulder injuries. Thereafter I was emergency transported by EMT to North Okaloosa Hospital and underwent reconstructive hip surgery and shoulder procedure which repaired Fracture.

On Sept. 29 2021 I was returned from North Okaloosa Hospital and sent back to Walton Corr. Inst. and Centurion Dr. Hernandez-Perez ordered medical director and Dr. Forrester care which has been effective treatment of my pain. Although I have been provided with aspirin/Ibuprofen this does not constitute adequate medical care as I've been told by the institution physician on numerous occasions "medical assistant director Dr. Hernandez-Perez has stated " Braxen it's Cost effective to just give you over the counter pain medication and physical therapy and narcotics are too expensive as you will require extensive aftercare and rehabilitation." Dr. Hernandez-Perez Centurion and institutional physician decision to not provide adequate care and the failure to treat my pain was based on a policy forbidding the use of narcotic pain medication and to save money. The administration of simple aspirin/Ibuprofen and antibiotics were given in effect to save money which was course of treatment that amounted to no treatment at all caused an easier and less effective treatment to be provided that was cursory at best. In violation of the 8th amendment. Denior, Adequate Care Money Damage I declare under penalty of perjury the statement here said correct to the best of my personal knowledge R.O 28 U.S.C 1746 and F.S. 92.525

DATE   10-7-21

SIGNATURE OF GRIEVANT AND D.C. #   Braxen Jackie S. M58196

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

6 , 0 0 0
_____      _____
#            Signature

Med  079

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by

PX. B-6

**MAILED/FILED
WITH AGENCY CLERK**

DEC 0 8 2021

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| BERGER, JACKIE | M38196 | 21-6-31815 | WALTON C.I. | H1122S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing.

Please be advised that inmates do not have the right to dictate how medication or physical therapy is prescribed.

You cannot use the grievance process for monetary gain and/or tort claims.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Michelle Schouest, IISC

| Michelle Schouest | *7. Bowden* | 12/3/21 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

PX. B-7

*Med*

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

NOV 05 2021

Department of Corrections

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden  ☐ Assistant Warden  ☒ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

| Brogan | Jacque S. | | M38916 | Walton Correctional Institution |
|--------|-----------|--|--------|-------------------------------|
| Last | First | Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

21-6-31815

Secretary Med./Med. Grievance Appeal

Secretary Med./Med. Grievance Appeal

This Formal Grievance is authorized by ch.33-103.007 F.a.C. Concerning Deliberate Indifference to serious medical needs Inadequate medical care of Chronic severe pain caused and unusual Punishment due to Inhumane conditions of confinement causing treatment ineffective pain management and unnecessary and wanton Infliction of pain. In violation of the Eighth Amendment. Where Centurion Group and Dr. Hernandez-Perez (Region* Medical Director) are liable based on the Policy or Custom of the Health Care Provider which Dr. Hernandez-Perez An employee who acts as a Policy making the official Policy that has violated my Eighth Amendment rights.

The assistance requested fails to address the allegation mentioned herein as offered (#2110-108-030) which was being and Contradictive responses. Grievant stated that on 9-11-21 I sustained broken rib/ribs and dislocated left shoulder due to cell extraction where the nurses/Doctor or ANCP intentionally denied or delayed necessary medical care/treatment for ten (10) day while confined to the cell. See T-Dorm (wing 2)/H-Dorm (wing 2) Cameras and audio.

Dr. Fernandez (ANCP) has stated "Before I am only allowed to Prescribe Aspirin/Ibuprofen for your pain." This does not Constitute Adequate or Effective Pain management and care. I am in extreme pain don't have effects performing daily activities (Walking Standing exercise etc.) I have been told by both treating Physicians at Walton Corr. Inst. on a visit of recurring Broken Dr. Hernandez-Perez (Region* Medical Director) says it's Cost Effective to Just Give you Ibuprofen Physical Therapy and narcotics (Pain meds) are too expensive. You require extensive office care and rehabilitation. Dr. Hernandez-Perez Centurion and treatment Physicians direction to not Provide effective Pain management adequate medical treatment/care based on the edicts or actions and elect forbidding narcotic pain medications and to save money. The administration of aspirin/ibuprofen and antibiotics are a course of treatment that amount to no treatment at all caused by an easier and less efficacious treatment to be Provided that was [warranted] of vast and below Professional standards.

Remedy requested. Effective (now) medication Physical Therapy adequate treatment Monetary Damages etc. Grievance Presented to officials in sealed Envelope Per 33-103.007 F.A.C.

I declare under Penalty of Perjury the statement here and Correct to the best of my Personal Knowledge Pursuant 28 U.S.C. 1746 F.S 92.525 and F.S 944.35 (4)(a)(b)(c)

| Nov. 2, 2021 | (#2110-108-030) attached | Brogan Jacque # M38916 |
|--------------|--------------------------|------------------------|
| DATE | | SIGNATURE OF GRIEVANT AND D.C. # |

Nonmember copy

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

∅ 1 ∅ ∅ ∅
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d)

Pl. B-7

**PART B - RESPONSE**

| BERGER, JACKIE | M38196 | 2110-108-067 | WALTON C.I. | H1122S |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

YOUR REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL HAS BEEN RECEIVED, REVIEWED AND EVALUATED.

CHART REVIEW SHOWS YOU WERE SEEN BY DR. DEAN FOR YOUR ORTHO FOLLOW UP.  HE SENT BACK RECOMMENDATIONS FOR A WALKER, ENSURE, AND PHYSICAL THERAPY.  THESE ARE RECOMMENDATIONS THAT ARE REVIEWED BY THE PRIMARY CARE PROVIDER AT YOUR ASSIGNED CAMP. IF CLINICALLY INDICATED THESE RECOMMENDATIONS ARE WRITTEN AS ORDERS BY THE PROVIDER.  YOU ALREADY HAD THE WALKER ORDER IN PLACE.  THE PROVIDER WROTE A DIET ORDER FOR A 3000 CALORIE DIET TO INCREASE YOUR CALORIC INTAKE WHICH SERVES THE SAME PURPOSE AS ENSURE. ADDITIONALLY, A CONSULT WAS WRITTEN FOR PHYSICAL THERAPY AND IS AWAITING PROCESSING AND DISPOSITION BY THE REGIONAL MEDICAL DIRECTOR, DR. HERNANDEZ.  IN THE MEANTIME, YOU HAVE BEEN PROVIDED WITH HOME / SELF-STRETCHING AND EXERCISE INFORMATION TO AID IN YOUR RECOVERY.  NARCOTIC PAIN MEDICATIONS ARE NOT CLINICALLY INDICATED AT THIS STAGE OF YOUR RECOVERY.  OVER THE COUNTER PAIN MEDICATIONS TO BE USED ON A PRN (ONLY AS NEEDED) BASIS SUCH AS TYLENOL AND IBUPROFEN ARE THE MEDICATIONS THAT ARE CLINICALLY INDICATED AND ARE AVAILABLE TO YOU.

GRIEVANCE DENIED.

YOU MAY OBTAIN FURTHER REVIEW OF YOUR COMPLAINT BY PROPERLY COMPLETING A DC1-303, PROVIDING ATTACHMENTS AS REQUIRED BY CHAPTER 33-103 AND FORWARDING YOUR COMPLAINT TO THE BUREAU OF INMATE GRIEVANCES, 501 SOUTH CALHOUN STREET, TALLAHASSEE, FL  32399-2500.

CONFIDENTIAL HEALTH RECORDS/CARE INFORMATION INTENDED FOR THE ADDRESSEE ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAWS.

Dr. L. Hernandez-Perez
Regional Medical Director Region 1
Centurion

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | A. RALPH, AWP | | 11-10-21 |
|---|---|---|---|
| | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | | DATE |

PX. B-8

**REQUEST FOR ADMINIS** **~~IVE REMEDY OR APPEAL~~**

☐ Third Party Grievance Alleging Sexual Abuse

RECEIVED

OCT 22 2021

ASST. WARDEN PROGRAMS
WALTON C.I.

TO: ☒ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| Brauer   Jackie   G. | 0038196 | Walton Correctional Institution |
|---|---|---|
| Last        First        Middle Initial | DC Number | Institution |

2110108067

**Part A – Inmate Grievance**

Grievance Directed to Medical Director Belson#1

Grievance Directed to Medical Director Marsha Belson#1

This formal Grievance is authorized by ch.33-103.006 F.A.C. and is submitted to address the continuous denial of adequate medical care. On Oct. 20 2021 I attended follow up visit with Dr.Oran (orthopedic) directed to exam me the ramifications of the fracture of my hip after evaluated. Ourings this visit Dr.Oran express his concern over my physical appearance and commanded " Brauer I believe an Ensure will give you the necessary theraputic treatment your body lacks which in turn will provide the nurishment your hip needs to rebuild itself." Thereafter wrote these (3) prescriptions consistent of the following: Physical Therapy / Wellness and Ensure, and obtain visit Xrayed on Oct. 21' 2021 I was visited by two female ARNP/ Physicians who names are Fennasha and Lescotte or something to that affect who both are employees of Centurion. These two Physicians came into the cell I am currently housed in which is the infirmary and demanded that quote " Brauer your not getting Ensure but I will let you on 3000 Calorie diet. The prescription Dr.Oran made is not necessary at this time. Please give these two consent for follow up's and I will not waste my time with standing on basis Dr.Hernandez-Perez another email arrangements and Ensure, Sara your lucid if we actually observe the protocol thereafter".

I express to these two ARNP/ Physicians that "miss Yah (Centurion) did not have problem giving me the mandated for the Constitutional Issues that the doctor from North Okaloosa hospital prescribed / recommended but the necessary theraputic treatment Dr.Oran prescribed is being deliberately denied as disseminated without medical or wanton inclusions of pain. Because I am in extreme pain daily that resaults in constant denial activities i.e. Wanton's excessive etc to which I have written medical in detailed conversations, Grievances and exhibits.

I have not obtained any care/ treatment from my visit with Dr.Oran and if I have obtained documents stating so this was not what was presented to me to sign when it was explained as being something else which is unclear. Demand Requested: Physical Therapy Ensure Pain Medication Monetary Damages side. I've informed both Physicians and obtain#1 medical director Dr. Hernandez-Perez through conversation include exclearites and Grievances of my shoulder dislocation/ fracture since stomach pain and hip-side pain caused by topfalls.

I declare under penalty of perjury that this declaration true and correct to the best of my personal knowledge Per 28 U.S. 1746 and F.S. 92.525

| Oct. 21, 2021 | Brauer   Jackie   G.   0038196 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

Med   07A

Ø / Ø Ø Ø
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Ex. B-8

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| BERGER, JACKIE | M38196 | 21-6-33518 | WALTON C.I. | H1122S |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07 (MEDICAL)

| 11/22/21 | 21-6-33518 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

NoTE: NEVER RECEIVED [Written] RESPONSE PER Policy....

NK. B-9

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden          ☐ Assistant Warden          ☒ Secretary, Florida Department of Corrections
From or **IF Alleging Sexual Abuse**, on the behalf of:

| Bergen Jackie S. | M38196 | Walton Correctional Institution |
|---|---|---|
| Last     First     Middle Initial | DC Number | Institution |

**Part A – Inmate Grievance**

Formal Grievance Appeal 211-106-067 ............ Formal Grievance Appeal 2110-106-067

This formal grievance appeal is authorized by ch 33-103.007 F.A.C. and is submitted to address the continuance denial of adequate medical treatment/care. On November 12, 2021 I received response to formal grievance 2110-106-067 which admits that "a consult was written for physical therapy" but is waiting "processing and disposition by the Regional Medical Director Dr. Hernandez-Perez. SEE attachment 2110-106-067. Regional Medical Director Dr. Hernandez-Perez is deliberate indifferent to my serious medical needs where he/she has choosen a less efficacious course of treatment treatment that is so unsound as to amount to no treatment at all and done to save money for continuum as Institute Physicians have stated to me. Dr. Hernandez-Perez has withheld necessary medical treatment for over month (a (Physical Therapy) yet has allowed 3000 diet/walker that was written by Dr. Crane (orthopaedic specialist) which the denial has caused me severe pain daily and prevents performing daily activities (walking, exercising, performing manual labor etc.) due to his disregard of the Necessary Care/treatment of physical therapy after major reconstructive surgery (hip/left shoulder). Non has my plea for adequate pain management been met. The walker/tylenol does nothing to alleviate the daily pain. For Dr. Hernandez-Perez to immediately approve simple medical recommendations items such as (diet/walker) that cost nothing is ineffective and is less efficacious course of treatment than the same recommendation of (physical therapy) by the orthopaedic specialist Dr. Crane states claim of Pharma force deliberate indifference to serious medical needs. In violations of the Eighth Amendment. The processals and disposition is overdue. Remedies requested. Physical therapy pain medications adequate medical treatment monetary damages

Grievance nostilicius and incorporate Grievances # 2110-106-067 statement of facts with grievance appeal

I declare under penalty of perjury that statement true and correct to the best of my personal knowledge. Re 28 U.S.C 1746, F.S. 92.525 F.S. 944.35(4)(b)(c). note: handwritten copy to Secretary made inch

| Nov. 21 2021 | Bergen Jackie #M38196 |
|---|---|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

0 / 0 0 0
#          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and

PX. B-9

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 9-29

Sworn Declaration UNDER Penalty of Perjury
Pursuant to 28 U.S.C. 1746 and F.S. 92.525

On Sept. 11 2021 at approximately 4:00-4:30 a.m. while housed at Walton Corr. Inst.
I suffered significant injuries (broken hip/left leg/dislocated left shoulder/busted skull and
eyebrow). See DC4-683V (9-11-21) DC4-683J (9-11-21/9-14-21/9-20-21) DC4-7050 (9-11-21) As result of
cell extraction while in handcuffs. See Y-Dorm fixed wing cameras/audio and approved Grievance
#108-2110-053 (Ex. B-2) #108-2109-0144 (Ex. B-1) #2111-108-001 (Ex. B-3) Witness Statement (Ex. B-4) Memo (Ex. B-5)
#2110-108-020 (Ex. B-6) # 21-6-31865 (appeal) (Ex. B-7)

Post Use of force Examination was initially denied by medical and nurse Bollo (male). At
approximately 4:25 a.m. After medical and security changed shifts. I was escorted to medical by
sgt. miller and sgt. Poe in wheelchair due to inability to walk (broken hip/left leg) Were I
was visually discovered by nurse Simmons and male nurse Sowell who neither had me physically
removed out of the wheelchair to determine the extent of left hip/leg injuries Nor was physical
Examination performed per Policy ch.33-602.210 F.A.C. (Post Use of force) and F.S. 944.35. Only visual
observation when there existed actual objective evidence of actual injury and both nurses
deliberately deferred needed emergency medical care at the date and time of observation.

On both Sept. 11 2021 and Sept. 20 2021 forms DC4-683V (9-11-21/9-14-21/9-20-21) DC4-683J
and DC4-7050 fails to accurately record chief complaints/mechanism of injury/location
of pain/pain level/objective/subjective sections/Plan and Education sections. Plus if actual
physical examination was performed the findings required immediate clinician notification
section of DC4-683J (9-11-21/9-14-21/9-20-21) definitely should have been accurately completed.
Reason's the fact that ample objective evidence existed to the contrary. Was note/mentioned nor
Procedures performed to alleviate my pain per Corr. and Continuum Group Policy.

Nurse Simmons acted with a culpable state of mind in failure to treat objectively serious
medical needs that worsen due to the lack of adequate treatment/care and can be viewed as
conscious disregard to alleviate my pain. In violation of the 8th Amendment. On all Pertinent
dates and times my health and safety was denied due to treatment so casual as to amount
to no treatment at all consists a less and efficacious course of treatment course.

I declare under penalty of perjury the affidavit true and correct to the best of my personal knowledge per F.S. 92.525
& and 28 U.S.C Perjury. [signature] Rashard Jackson #M36096

Ex. C-1

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation
on 9-22 SWORN DECLARATION UNDER PENALTY of Perjury
Pursuant to 28 USC. 1746 AND F.S. 92.525

On Sept. 11 2021 at approximately 4:00-4:30 a.m. while housed at Walton Corr. Inst. I suffered significant injuries (broken hip / left leg / dislocated left shoulder / busted face and eyebrow). See DCH-683V (9-11-21)  DCH-683 (9-11-21 / 9-14-21 / 9-20-21)  DCH-7050 (9-11-21) As result of cell extraction while in handcuffs. See Y-Dorm fixed wall Cameras / Audio and Approved Grievance #108-2110-0556(PX.B-2) #108-2110-0144(PX.B-1) #2111-108-001 (PX.B-3)  DC6-1121(PX.B-4) memo (PX.B-5) #2110-108-030 (PX.B-6) #21-6-31815(PX.B-7)

Nurse Sowell and Nurse Simmons only Performed visual observation at Approx.9:26 a.m. where I came to medical emergancy by wheelchair due to inability to walk nor bear weight (broken hip / left leg). Neither nurse had me removed from the wheelchair to determine extent of left hip / leg injuries. Actual physical hand's on force examination was not performed per policy Ch.85-602.210 F.A.C. and F.S. 944.35

On both Sept. 11 2021 and Sept. 20 2021 forms DCH-683V / DCH-683 and DCH-7050 fails to accurately record and reflect chief Complaint / Mechanism of injury / location of pain / pain level / objective / subjective / plan and education sections. Plus if the required physical examination was performed the findings requiring Immediate clinician notification section definitely should have been accurately recorded and reflected. Per policy! Ch.33-208.002(5)(12)(19) and ch. 33-208.003(21)(24)(28) F.A.C. The fact that there existed ample objective evidence to the contrary. Yet nurse Sowell or nurse Simmons make notes nor mention either procedure that performed to alleviate pain per policy of foot and Centurion Group."I told both of no feeling from lower back hip and leg. I believe my leg broken."

Nurse Sowell and nurse Simmons acted with a Culpable state of mind in failing to treat obstruct serious medical needs which could be viewed as Conscious disregard of my health human rights and safety without alterations that baseboard Given while housed at Walton Corr. Inst. on all Pertinant dates and times was so consent as to amount to not treatment at all causing a less easier and efficacious course of treatment Given. In violation of the 8th Amendment.

PX.C-16

I declare under penalty of Perjual the affidavit true and correct to the best of my Personal knowledge. ... date... per 28 U.S.C. #1746 and F.S. 92.525                     (s) Gerard Jacks

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 9-20-22 for mailing. NB

SWORN DECLARATION UNDER PENALTY OF PERJURY
Pursuant to 28 U.S.C. 1746 AND F.S. 92.525

On Sept. 11 2021 at approximately 4:00-4:30 a.m. while housed at Walton Corr. Inst. I suffered significant Injuries (broken left toe/left leg/dislocated left shoulder ect.) as result of cell extraction while in handcuffs. see Y-Doom Fixed Wing cameras/audio and Appnoved Grievance #108-2110-033 (Ex.B-2) #105-2108-0440 (Ex.B-7) #2111-108-001 (Ex.B-3) OCI/110C (Ex.B-4) MSIMB (Ex.B-5) #2110-209-030 (Ex.6)(Ex.B-7)

At approximately 9:25 a.m. I was wheeled to medical where I informed both nurse Simmons and nurse Sowell of "no feeling nor sensation from lower hip and leg. I believe my leg broken." Discudio released were falsified by medical personnel and FDOC. see DCH-685V (9-11-21) DCH-6183 (9-11-21/9-14-21/9-20-21) and DCH-7050 (9-11-21) per ch.33-208.002 rh.33-208.003 F.A.C. and F.S.944.35

On or about Sept. 13 2021 at approx. 8:30 a.m. Dr. Forrester and Walton Corr. Inst. Administration conducted these weekly medical rounds in confinement unes. She refused to stop at my approved cell when I attempted to notify her of my condition and Pain but was deliberately ignored by all present. I was left behind on the cell floor Injured and in excruciating Pain for ten (10) full days without medical follow-up nor referral and the excessive delays caused Injuries/condition to worsen. Dr. Forrester actions can be Viewed as conscious disregard of my health and safety to alleviate my Pain. In violation of 8th Amendment.

On Sept. 20 2021 at approx. 8:40 a.m. Ofc. Simmons (male) called/ordered medical emergency. I was placed on scustled and push to medical. Dr. Forrester took one look at me stating "Declare your reading out with EMT Immediately to North Okaloosa Hospital. This is very bad break son."

On Sept. 21 2021 at approx. 10:30 a.m. Dr. Oran (male) refained procedures of (reconstructive) surgery unes. He Installed rod/Pins to my left hip leg and the nurse popped my left shoulder back in place. Shoulder surgery was scheduled for June 2022 but discretion medical centre refused and Region Medical Director Dr. Bassa Dr. Gammacano Dr. Baptise-Francois and Dr. Gessendier-Doltison transferred me to Blackwater River Corr. Facility without surgery procedures. Dr. Breros true at Blackwater has stated "surgery was cancelled" by those at R.M.C.

I declare under penalty of Perjury that the affidavit true and correct to the best of my personal knowledge per 28 U.S.C. 1746 and F.S. 92.525    \s\ Breros Joanne

Under Penalty of Perjury

Ex. C-1c

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on 9-20-22 for mailing.  NB

SWORN DECLARATION UNDER PENALTY OF PERJURY
Pursuant to 28 U.S.C. 1746 and F.S. 92.525

On Sept. 11 2021 at approximately 4:00-4:30 a.m. while housed at Walton Corr. Inst. I suffered significant injuries (broken left hip/ left leg/ busted face/ dislocated left shoulder and eyebrow) see DC4-683V (9-11-21) DC4-683S (9-11-21/9-14-21/9-20-21) as result of cell extraction while in handcuffs see Y-Beam fixed wing cameras/ audio. nurse Rollo (male) denied post use of force examination.

On Sept. 14 2021 at approximately 10:10 p.m. I declared medical emergency. I was escorted to medical to shot Earthenwood in wheelchair due to inability to walk (broken hip/ leg) where I was seen by nurse Shanahan and nurse Rollo (male) who never performed actual physical examination to determine extent of injury. Per F.S. 944.35 and ch.33-602.210 F.A.C. Only visual observation though there existed objective evidence of actual physical injuries but both nurse Shanahan and nurse Rollo deliberately deprived needed emergency medical care/ treatment at all the dates and times of observation. Medical personnel acted in concert with FDOC (Gwendolen C.) to falsifying records reports etc.

Forms DC4-683V/ DC4-683S (9-11-21/9-14-21/9-20-21) Intentionally fails to accuratately record chief complaints/ Mechanism of injury/ pain level/ location of injury/ subjective/ objective/ Plan and Education sections. PWS if that mandated physical examination was performed. The findings requiring Immediate Clinician notification section of DC4-683S (9-11-21/9-14-21/9-20-21) definately should have been accuratately Completed. Records: ch.33-208.002 (8)(12)(16)  ch.33-208.008. (21)(24)(28) F.A.C. and F.S. 944.35. This fact that neither made note or mention of these effects and soundness Performed by either the Confinement Camp Lieuten And FDOC. See Attached Grievance #108-2110-033 (PX.B-2) #108-2109-0144 (PX.B-1) # 2111-108-001 (PX.B-3) memo (PX.B-5) DC6102 (PX.B-4) #2110-108-020 (PX.B-6) #21-6-34305 (PX.B-7) (PX.B-8)(PX.B-9)

Nurse Shanahan and nurse Rollo deliberately denied needed health and safety by actuals with a culpable state of mind in failing to treat objectively serious medical needs which could be viewed as a conscious disregard to alleviate my pain in violation of the 8th Amendment causing an easier and less curable or efficacious treatment given so cursory as to amount to no treatment.

I declare under penalty of perjury that the affidavit is true and correct to the best of my personal knowledge. Per 28 U.S.C. 1746 and F.S. 92.525    /s/  Barbara Jackie

Jackie Barber #229901

PX.C-1d

| | **Witness Statement** | |
|---|---|---|
| **State of Florida** | Log #_____ | **Department of Correction** |

**I.   Identifying Inmate Information**

DC # ___M38196___          Inmate Name   **BERGER, JACKIE**

Violation Code and Short Title      PM status.

Use of Force # _____

Date Report Written _____

**II.   Witness**

☐   Staff Member:  Name and Position_____

☐   Other Individual:  Name_____

☐   Inmate:   DC # __503411_____      Name__McGhuansta  Vennetn____

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____

Signature of Investigating Officer_____   Date_____

**IV.   Statement**   Index while confined at Blackwater river corr. facility and housed in the infirmary cell I-110# I am being interviewed by inspector Allen for repeated assault incidents by staff and inmates. I am documented gender Dysphoria inmate and Handicapped inmate.... Attention "I am in fear for my life" #108-2109-0911 #2105-108-014   On 9/11/21 while confined at Walton C.I. assigned to cell Y-2113. Capt. Anderson and Lt. Armstrong maliciously use of cell extraction while handcuffed in the shower. They broke my rib and dislocated my shoulder. Not use of force. #211-108-001 Medical exam denied few 10 days until emergency transferred to north okaloosa hospital on 9/20.... #211-108-010   On 1/7/22 while confined at c.m.c. assigned to cell D-2108 I was approached and told by several curve members " if I don't drop my lawsuit on our protection fc I will be handled"... later that night they (inmates) rebored and jumped me uses left shoulder was dislocated and stabbed.... #2201-209-060 #185-3210-0124 #2210-185-010 #2210-185-06 #2210-185-013 #22-6-31033 #22-6-32574 #21-6-39539   On 9/23/22 and 9/26/22 while confined at blackwater assigned to cell F-3102. I was assaulted by several unknown curve members uses I suffered broke nose and stabbed in the left side torso. Medical attention denied.....   On 10/8/22 while housed in infirmary cell M-1108 at approx. 6:30 a.m. Lt. Smith ofc. White and ofc. NP aton (?).... entered assigned cell and assaulted me while handcuffed uses shoulder was reinjured and punched several times medical med. use of force denied.... On 10/11/22 at approx.12:30 p.m. Capt. Johns stated at cell front " I don't give a fuck about you or what happens to you".... Protective management request denied. Oic. to no failure for amp Ms. Davis   I declare under penalty of perjury the afedavit here and correct to the best of my personal knowledge 6.98.928

Witness Signature ___Berger  Jackie___   Date __10/04/22__

Signature of Investigating Officer_____ ~Allen   Date __10-25-22__

DC6-112C (Revised 8/06)                    Original:  Inmate File            Copy:  Central Office

**Witness Statement**

| State of Florida | Log #_____ | Department of Correction |

**I.   Identifying Inmate Information**

DC # _S0341_   Inmate Name _MCELWANY KENNEH_

Violation Code and Short Title _____

Use of Force # _____

Date Report Written _____

**II.   Witness**

☐   Staff Member:  Name and Position_____

☐   Other Individual:  Name_____

☐   Inmate:   DC #_____   Name_____

**III.   Voluntary Refusal**

*The witness voluntarily refused to provide a written statement to the Investigating Officer and the following signature(s) attests to that fact:*

Witness Signature _____   Date_____

Signature of Investigating Officer_____   Date_____

**IV.   Statement**

Attion I WAS Housed in f-3 with inmate Breych And HAve inmate Knowledge tHAt if He is put BAck on BlAckWAtch compound He will Be Killed or seRously HuRt And BAdly(Bodly inJury) Done to Him By gAng membeRs or Religious ghops Due to Him Being (DYSPRiA) I give tHis infoRmAtion fReely And of my own will pown I DeclARe undd penAlty of peRJeRy tHis AffidAvent TRue And coRRect to Best of my peRsonAl knowledge peR f.§ 92.525

Witness Signature _____   Date _11  25  22_

Signature of Investigating Officer_____   Date_____

: POSTAGE

quadient
FIRST-CLASS MAIL
IMI
$003.60 º



DEC 0 8 2022

Clerk of The Court
United States District Court
One North Palafox Street
Pensacola, Florida 32502-5658

GEORGIA JACKSON #M28896
BLACKWATER RIVER C.F.
5914 JEFF ATES ROAD
MILTON, FL 32583
INMATE MAIL

MAIL

LEGAL MAIL

LEGAL MAIL

Legal Mail
Provided to
Blackwater River Correctional
and Rehabilitation Facility
on _____ for mailing.